0989

Roy L. HARDEE, Appellant v. BRUCE JOHNSON TRUCKING COMPANY
and Liberty Mutual Insurance Company, Respondents.

(360 S. E. (2d) 522)

Court of Appeals

*Robert B. Wallace* and *Paul E. Tinkler* both of *Wallace and Tinkler,* Charleston, *for appellant.*

*Robert A. Patterson* of *Barnwell, Whaley, Patterson & Helms,* Charleston, *for respondents.*

Heard May 18, 1987.

Decided July 20, 1987.

GARDNER, Judge:

This is a workers' compensation case involving the claimant's settlement of a third party action and the effect of the

settlement on the employer's liability under the Workers' Compensation Act. The appealed order reversed an order of the full Industrial Commission reducing the carrier's lien on the proceeds. We reverse and remand.

Roy L. Hardee (the claimant) was an employee of Bruce Johnson Trucking Company (the employer). The claimant suffered a work-related injury to his back on September 30, 1982, that was exacerbated by alleged negligent surgery in January 1983. The surgery-related injury resulted in the claimant's having to take pain medication daily; he is required to catheterize himself four times per day to empty his bladder; he controls his bowel movements by laxatives. The surgery also resulted in permanent impotency along with chronic (recurring and persistent) depression and other injuries.

Liberty Mutual Insurance Company (the carrier) agreed to an award of permanent total disability under the Workers' Compensation Act; the carrier began making payments and paid medical expenses.

On April 24, 1984,[1] the claimant instituted a third party negligence action against the surgeon; within thirty days, pursuant to Section 42-1-560(b), Code of Laws of South Carolina (1976), notice on the prescribed form of the third party action was given the Industrial Commission and the respondents in this appeal. The negligence suit was subsequently settled by a structured settlement. The total present value of the structured settlement, including the wife's loss of consortium claim,[2] was $330,000. Of this sum, $120,000 was paid in cash to the claimant's attorney and claimant; the agreement provided for monthly payments thereafter.

After the settlement, $15,000 was paid by the claimant's attorney to the claimant's wife as a partial payment of her loss of consortium claim, i.e., $30,000. The balance was held

---

[1] The carrier does not assert that it have notice to the claimant of assignment of the cause of action to the carrier as is required by Section 42-1-560(c), Code of Laws of South Carolina (1976); all parties concede that the third party action was one under Section 42-1-560(b), which permits the claimant to bring the third party action.

[2] A loss of consortium claim is separate and apart from the spouse's workers' compensation claim and related matters. *Crowder v. Carroll*, 251 S. C. 192, 161 S. E. (2d) 235 (1968).

in escrow by the claimant's attorney pending an order of the Industrial Commission.

The parties were unable to agree upon the carrier's lien on the settlement proceeds. Both the carrier and the claimant petitioned the Commission for a determination of the respondent's lien pursuant to Section 42-1-560(f). On April 23, 1985, the carrier stopped compensation payments to the claimant.

Pursuant to the claimant's and the carrier's petition, the single commissioner held by order of December 13, 1985, (1) that the claimant was not entitled to future compensation, (2) that the settlement was, under the circumstances, fair and reasonable as to all parties, and that the carrier was entitled to one half of its asserted lien of $35,568.23 and (3) that plaintiff's attorney was entitled to a fee of $30,000 from the cash settlement of $120,000.

After this order, claimant's attorney paid the balance of the cash he held in trust in accordance with the single commissioner's order, which included $17,784.12 to the carrier.

The claimant appealed to the full Commission, which reversed in part the single commissioner's holding, *inter alia,* (1) that the carrier wrongfully terminated payments to claimant, (2) that claimant's total cognizable damages at law in the third party action were $1,200,000, (3) ordered resumption of payments with penalty by the carrier of the compensation payments to the claimant, (4) reduced the carrier's lien to 25 percent of the settlement, (5) held that claimant's attorney had distributed the funds without the approval of the Industrial Commission and (6) remanded the case to the single commissioner to:

> 1. Determine the total of the Employer/Carrier's lien as equal to all Workers' Compensation benefits paid to date of such hearing and future probable costs in this Workers' Compensation case; and then to reduce the total lien (past and future) by seventy-five percent (75%) with appropriate credits to the lien holder; and
> 2. Prorate attorneys fee and costs proportionately to Claimant and Employer/Carrier as the distributive share of each such party bears to the settlement of Three Hundred Thousand and No/100 Dollars ($300,000.00).

The issues of merit are whether the trial court erred (1) by holding that the full Commission erred as a matter of law in holding that the carrier wrongfully terminated compensation payments; (2) by holding applicable to this case the rule of *Fisher v. South Carolina Department of Mental Retardation,* 277 S. C. 573, 291 S. E. (2d) 200 (1982), which prohibits the claimant from bringing an action against a third party except as provided by law; (3) by holding that because the claimant had not paid to the carrier the proceeds of the settlement, the claimant forfeited his rights to further compensation; (4) by holding that there is no provision of the Workers' Compensation Act for reducing the carrier's lien when the third party settlement is more than the claimant's total entitlement to compensation and (5) by holding that the claimant forfeited his right to compensation by failing to obtain the written consent of the carrier.

As to the first issue, we adopt the reasoning and authority of the full commission; we quote:

> Section 42-9-260. Notice to Commission when payments have begun; suspension or termination of payments. Upon making the first payment, the employer shall immediately notify the Commission, in accordance with a form prescribed by the Commission, that payment of compensation has begun. The Commission shall provide by rule the method and procedure by which benefits may be suspended or terminated for any cause, but such rule shall provide for an evidentiary hearing and Commission approval prior to termination or suspension unless such prior hearing is expressively waived in writing by the recipient. Further, the Commission shall not entertain any application to terminate or suspend benefits unless and until the employer or carrier is current with all payments due.
> Failure to comply with such rule as to termination or suspension of benefits shall result in a twenty-five percent penalty imposed upon the carrier or employer computed on the amount of benefits withheld without prior Commission approval.

In the absence of the employee waiver, compensation payments can be terminated only after an evidentiary hearing.

This was not done. Therefore, the compensation carrier took the Law into their own hands to decide, both and at the same time, their rights and the employee's rights under the Workers' Compensation Law. This was illegal. There is nothing in the statutes and the cases cited which support the action of the compensation carrier.

For the above reasons, we hold that once the carrier was ordered to make compensation payments, the carrier could not legally terminate the payments except by order of the Industrial Commission. The trial judge erred by overruling the full Commission in this holding, and we so hold.

The appealed order held that the claimant had forfeited his right to compensation. The trial court put the issue as follows:

> The issue in this case is whether the claimant was entitled to settle his third party tort suit without the consent of the carrier, keep the proceeds of the settlement, force the compensation carrier to reduce its compensation lien, and continue to receive compensation in the future.

The appealed order held that perforce of *Fisher v. South Carolina Department of Mental Retardation, supra,* the claimant forfeited his right to compensation after settling the third party action. We disagree. In *Fisher,* the claimant instituted a third party action without giving notice within thirty days of the institution of the action. Upon reviewing the record of *Fisher* on appeal, which we have before us, we find that the carrier itself first inquired of Fisher's attorney whether Fisher contemplated a third party action; Fisher's attorney replied by letter that there was a third party claim which he was pursuing and that if it could be favorably concluded, it would "obviate the comp claim." Subsequently the carrier wrote the claimant's attorney asking for advice on the status of the third party action; no answer to this letter is of record in *Fisher.* At no time did the claimant, Fisher, file the requisite form established by the Industrial Commission notifying the commission, the carrier and the employer of the third party action as required by Section 42-1-560(b). Under these circumstances, the court in *Fisher*

held that the claimant, who had settled her case against a third party tortfeasor without regard to the employer's rights of subrogation and without complying with the Workers' Compensation Act provision setting forth conditions to be met if the injured employee was to proceed against the employer carrier and tortfeasor simultaneously, had made an election of remedies and could not subsequently maintain a workers' compensation claim.

The facts of this case are entirely different. Here the claimant did comply with Section 42-1-560(b); this statute provides that a claimant may receive compensation and at the same time sue a third party defendant for negligence provided that it is done within one year after the carrier accepts liability and provides further:

> ... Notice of the commencement of the action shall be given within thirty days thereafter to the Industrial Commission, the employer and carrier upon a form prescribed by the Industrial Commission.

The claimant, *Fisher*, failed to notify the commission, carrier and employer; the claimant of this case did.

We, therefore, hold that *Fisher* is inapposite. The trial court erred in holding *Fisher* applicable to this case; and we so hold.

The requirement of notice provided by Section 42-1-560(b) relates also to whether the trial judge erred by holding that the claimant of this case forfeited his rights to compensation by not paying over the proceeds of the settlement to the carrier. (It is to be remembered that the claimant's attorney first held the cash part of the settlement in trust and then after the order of the single commissioner paid the trust funds pursuant to said order, including $17,784.12 to the carrier.)

It is implicit in the obligation of notice to the carrier of the third party action that the carrier notify the defendant of its lien and claim to the proceeds of the settlement. Section 42-1-560(b) also provides that upon settlement by a claimant of the case against a third party, the proceeds shall be paid to the *carrier* and distributed pursuant to subsection (g) of the same section, which provides that the proceeds be paid *by the third party* to the *carrier*. In

the third party action of this case, although the carrier was notified by proper procedure, the carrier failed to protect its rights by notifying the third party defendant of its interest in the disposition of the case; the third party paid the cash part of the proceeds of the structured settlement to the claimant's attorney, who petitioned (along with the carrier) the commission to set attorney fees and reduce the carrier's lien. Having (1) failed to protect its right to have the proceeds paid to it and (2) illegally terminated the claimant's compensation payment, the carrier cannot now complain that the proceeds of the settlement were not paid to it. And we so hold.

Moreover, there is no prejudice to the carrier; $17,784.11 has already been paid to the carrier pursuant to the single commissioner's order and the proceeds of the structured settlement, less attorney fees and costs, are in most part still available for distribution to the carrier, if the commission, upon remand, so directs.

Additionally, the Act does not contain a forfeiture provision under the circumstances of this case. It is well settled in this State that any reasonable doubt as to the construction of a workers' compensation law must be resolved in favor of the claimant, its provisions reconciled if possible, its purpose effectuated and its presumptions and penalties directed toward the end of providing coverage rather than non-coverage. *Cokeley v. Robert Lee, Inc.*, 197 S. C. 157, 14 S. E. (2d) 889 (1941).

And finally, the carrier was kept abreast of the trial preparation and settlement negotiations. Just a day or so before the settlement, which was made on Saturday before trial on Monday, the carrier, in effect, suggested a settlement of $300,000. The trial court erred in holding that the claimant had thusly waived his rights to compensation, and we so hold.

The appealed order also held that because there is no provision in the Workers' Compensation Act for reducing the carrier's lien when the third party action is for more than the claimant's total entitlement of compensation the Commission erred in reducing the carrier's lien. This holding is patently erroneous and we so hold. Section 42-1-560(f) provides in pertinent part:

Notwithstanding other provisions of this item, where an employee or his representative enters into a settlement with or obtains a judgment upon trial from a third party in an amount *less* than the amount of the employee's estimated total damages, the commission may reduce the amount of the carrier's lien ... [Emphasis ours.]

We hold that the quoted words in no way proscribe a settlement for more than the claimant's total entitlement to workers' compensation; these words refer only to a settlement for less than the total damages estimated to have been suffered by the employee in his action against a third party. In the case on hand, these damages were estimated by expert witnesses to be a multiple of the claimant's total compensation entitlement. The appealed order is clearly erroneous in its holding that there is no provision of the Workers' Compensation Act for reducing the carrier's lien when the third party settlement is for more than the claimant's total entitlement to compensation. And we so hold.

Finally, the Act does require the carrier's consent when the settlement is for less than the claimant's total compensation entitlement; however, this provision is inapplicable to the present case since the settlement was for more than the claimant's total entitlement to compensation. And we so hold.

For the reasons stated, the appealed order is reversed and the case is remanded for further action by the single commissioner as directed by the order of the full Commission.

Reversed and remanded.

SHAW and CURETON, JJ., concur.