Pearl L. FRANKE, Individually and as Personal
Representative of the Estate of Howard
Franke, Deceased, Plaintiff-Respondent,

v.

Paul F. DURKEE, M.D., Defendant-Appellant.†

Court of Appeals

*No. 86–0015. Argued July 20, 1987.—Decided August 27, 1987.*
(Also reported in 413 N.W.2d 667.)

---

† Petition to review pending. This petition was not decided at
the time the volume went to press. Its disposition will be reported in a
later volume.

For the defendant-appellant there were briefs by *Terry E. Johnson* and *Peterson, Johnson & Murray, S.C.,* of Milwaukee, and oral argument by *Terry E. Johnson.*

For the plaintiff-respondent there was a brief by *Thomas J. Basting* and *Peter B. Kelley* and *Brennan, Steil, Ryan, Basting & MacDougall, S.C.* of Janesville, and oral argument by *Thomas J. Basting.*

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J. We granted the appellant, Paul F. Durkee, M.D., leave to appeal a nonfinal order denying his motion for summary judgment dismissing this malpractice action. The sole issue is whether the Workers Compensation Act, ch. 102, Stats., is the exclusive remedy for employees injured by the negligence of the employer's in-house medical staff. We answer the question in the affirmative and reverse.[1]

On review of summary judgments, we follow the same methodology as the trial court. *See In re Cherokee Park Plat,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983). Here we are concerned only with the jurisdictional facts and the applicable law. The pleadings raise and join the jurisdictional issue, and the affidavits accompanying Durkee's motion set forth a *prima facie* defense to the action. Because there is no issue of material fact, summary judgment is appropriate.

---

[1] We do not decide whether sec. 102.29(3), Stats., has any application to this case, for the issue was neither raised nor argued by the parties.

Howard Franke was employed by General Motors at its Janesville plant. Durkee, a physician, was the plant medical director. Because of a temporary assembly line shut-down, Durkee had some free time and was able to offer general physical examinations to employees. On March 5, 1982, he performed a physical examination of Franke. The examination included a chest x-ray, which Durkee read as normal.

Not long thereafter Franke was diagnosed by another doctor as having a lung tumor, and that condition eventually caused his death. His wife, Pearl Franke, individually and as personal representative of his estate, sued Durkee for malpractice, claiming that he negligently failed to diagnose the tumor. Durkee answered and moved for summary judgment dismissing the action. He claimed that Franke's "injury" arose out of his employment at GM and, as a result, proceedings under the Workers Compensation Act constituted his sole and exclusive remedy. The trial court denied the motion and we accepted Durkee's appeal.

Under sec. 102.03(1), Stats., job-related injuries suffered by employees are covered by the Workers Compensation Act:

> (c)  1. Where, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment.
> . . . .
> (e)  Where the accident or disease causing injury arises out of his [or her] employment.

When these conditions are met, the Act is the employee's exclusive remedy against the employer and any co-employees. Sec. 102.03(2), Stats.

175

Pearl Franke concedes that both her husband and Dr. Durkee were GM employees at the time of the medical examination. She also acknowledges that Franke was performing services growing out of or incidental to his employment within the meaning of the Act at the time he was examined, and that there was an "injury"—Durkee's failure to diagnose the tumor. She argues, however, that the Act does not apply because (1) she, a nonemployee, was herself injured by the loss of her husband's services, society, and companionship; and (2) the "injury" to her husband—the misdiagnosis—did not arise out of his employment, and thus is not compensable under the Act.

██ We acknowledge that Pearl Franke was not a GM employee and that the complaint alleges that, as a result of Durkee's negligence, her husband's life was shortened and she "sustained a loss of [his] service, society and companionship." We are also aware that the supreme court has recognized that a wife's cause of action for loss of consortium, while deriving from her husband's personal injuries, is also considered, for some purposes at least, as a claim for her own "injury." *Kottka v. PPG Industries, Inc.,* 130 Wis. 2d 499, 521–22, 388 N.W.2d 160, 170 (1986). But this does not, as she argues, dictate denial of Durkee's motion, for the "exclusive remedy" provisions of the Act bar her claim as well.

██ Section 102.03(2), Stats., which provides that the terms of the Act constitute an employee's exclusive remedy against his or her employer for work-related injuries, has been held to bar any action by the employee against the employer for such injuries.

*Messner v. Briggs & Stratton Corp.,* 120 Wis. 2d 127, 132, 353 N.W.2d 363, 365 (Ct. App. 1984). In addition, the supreme court has recognized that the statute also bars the "non-injured" spouse's claim for loss of consortium deriving from the employee-spouse's injuries. *Rosencrans v. Wisconsin Telephone Co.,* 54 Wis. 2d 124, 128–29, 194 N.W.2d 643, 645–46 (1972). In this sense, the spouse seeking the recovery stands in the employee-spouse's shoes insofar as recovery from the employer is concerned.

Since 1978, sec. 102.03(2), Stats., has also made the Act the exclusive remedy against "any other employee of the ... employer," and this provision is recognized as "eliminat[ing] the [employee's] right to bring a common law action" against a co-employee. *Gerger v. Campbell,* 98 Wis. 2d 282, 284–85, 297 N.W.2d 183, 184 (1980). If the exclusivity provision bars the spouse's claim for loss of consortium against the employer, it must also bar a similar claim against a co-employee, for both derive their immunity from the same statutory provision. It follows that Pearl Franke's "non-employee" status is immaterial; her claim against Durkee, her husband's co-employee, is barred by sec. 102.03(2) and the rule of *Rosencrans.*

Pearl Franke next argues that the Act does not apply because her husband's injuries did not arise out of his employment. We apply the "positional risk doctrine" in making such a determination. *Cutler-Hammer, Inc. v. Industrial Comm.,* 5 Wis. 2d 247, 253–54, 92 N.W.2d 824, 827–28 (1958).

> The core of the [doctrine] is that an accident arises out of the employment when the connection be-

> tween the employment and the accident is such
> that the obligation or circumstances of the employ-
> ment places the employee in the particular place
> at the particular time when he is injured by a force
> which is not solely personal to him.

*Id.* at 253, 92 N.W.2d at 827. The employment itself need not cause the injury; rather, we look to whether the employment created a "zone of special danger" which resulted in injury to the employee. *Id.* at 254, 92 N.W.2d at 828; *Applied Plastics, Inc. v. LIRC,* 121 Wis. 2d 271, 278, 359 N.W.2d 168, 172 (Ct. App. 1984).

But for Franke's employment at G.M., he would not have presented himself to Durkee for the employer-offered medical services, and the "injury" would not have occurred. The conditions of his employment—his access to company medical facilities—created the "zone of special danger" giving rise to his injury, and it was thus compensable under the Act. As a result, the terms of the Act provide the exclusive remedy for the injury, and they also bar Pearl Franke's civil action—whether in her own right or in her capacity as the representative of Howard's estate.

Finally, Pearl Franke offers numerous arguments based on her view of the legislative intent and policy underlying the Workers Compensation Act and asks us to allow her claim as an exception to the rules discussed above. We agree that there are policy considerations that militate against application of co-employee immunity to "company doctors." *See, e.g.,* Comment, "Malpractice Liability of Company Doctors in Wisconsin," 68 Marq. L. Rev. 676 (1985). But the legislature has declared the state policy in the area, and the Act "represents a delicate balancing of the interests represented in our industrial society." *Jen-*

*kins v. Sabourin,* 104 Wis. 2d 309, 322, 311 N.W.2d 600, 607 (1981).

■

Despite questions of fairness in particular cases, the supreme court has held that we should not "tinker" with the Act:

> While a tort remedy could be beneficient and just in a particular case, such precedent, unless carefully considered from the viewpoint of general state policy, could well gut the ... Act, create injustice, and substantially impair the exclusivity-of-remedy provision, which has made the ... Act tolerable to employers.
>
> ... To the extent that the [Act] may be disparate, unequal, or uneven in its application, it is a question for the legislature to address.

*Id.* at 323, 311 N.W.2d at 607. The exception Franke asks us to carve out of the Act is within the legislature's province, not ours.

*By the Court.*—Order reversed and cause remanded with directions to the trial court to enter judgment dismissing the action.