The ESTATE of Dennis R. DONLEY, *et al. v.*
PACE INDUSTRIES, *et al.*

98-626                                        984 S.W.2d 421

Supreme Court of Arkansas
Opinion delivered January 21, 1999

*Gerald K. Crow*; and *Vowell & Atchley*, by: *Russell C. Atchley, P.A.*, for appellants.

*Warner, Smith & Harris, PLC*, by: *Joel Johnson*, for separate defendant Cleveland Automatic Machine Company, joining with plaintiffs/appellants for this appeal.

*Bassett Law Firm*, by: *Curtis L. Nebben*, for appellees.

W H. "Dub" Arnold, Chief Justice. This is an appeal from an order of the Carroll County Circuit Court granting appellees Pace Industries, Inc., and Precision Industries, Inc.'s motion for summary judgment. Our jurisdiction is authorized pursuant to Ark. Sup. Ct. Rule 1-2(b)(1), (4), (5), and (6) (1998) because the appeal raises an issue of first impression, an issue needing clarification of the law, and a question concerning the validity of Ark. Code Ann. § 11-9-105(a). The appellants, Eugene Schulze and the Estate of Dennis R. Donley, brought an action against the appellees seeking damages for the wrongful death of Donley and for Schulze's personal injuries sustained while Donley and Schulze were employed at Automatic Castings, Inc. On May 10, 1993, the appellants were injured at work when Donley turned a valve on a die-cast machine, causing a piston rod to slice through a hose containing flammable hydraulic fluid. The hydraulic fluid sprayed onto the furnace of the machine, ignited, and injured both men.

Although Donley's estate and Schulze received workers' compensation benefits, they also filed a products-liability suit against the die-cast machine's manufacturer (Cleveland Automatic Machine Company), the company that previously owned the machine (appellee Precision), and Precision's parent company (appellee Pace). On August 9, 1990, approximately three years before the date the appellants were injured, Automatic Castings, the appellants' employer, Precision, and Pace merged, and Pace became the surviving corporation. According to the appellees, Automatic Castings and Precision continued to operate only as subsidiaries or divisions of Pace. However, the appellants suggest that the three companies remained separate entities.

Sometime after the merger, Precision transferred the die-cast machine to Automatic Castings. The appellants' theory suggests that this transfer was a "sale" that constituted placement of a product into the stream of commerce, making Precision a "supplier" subject to liability. Further, the appellants allege in their briefs that Precision modified the machine and that those modifications were the direct and proximate cause of the appellants' injuries. On the other hand, Precision and Pace contend that the transfer of the die-cast machine was a book-entry transfer only and that the transfer simply constituted movement of the machine from one location of the company to another.

In response to the appellants' complaint, Pace and Precision asserted that Pace qualified as a self-insured corporation pursuant to the Arkansas Workers' Compensation Act and that the claim fell within the exclusive-remedy provisions of the Act. However, the appellants argued that the case fell within the "dual persona" exception to the exclusive remedy of workers' compensation, which this court adopted in *Thomas v. Valmac Indus., Inc.*, 306 Ark. 228, 812 S.W.2d 673 (1991). Notably, following our decision in *Thomas*, the legislature enacted amendments to section 11-9-105(a) in 1993, that abolished the dual-persona doctrine.

On the basis that the Workers' Compensation Act provided the exclusive remedy, Precision and Pace moved the trial court for summary judgment. On February 23, 1998, the trial court agreed that the application of *Thomas* to the instant facts, where the injuries occurred *after* the date on which the corporations merged, would be an impermissible expansion of *Thomas's* holding. From this order comes the instant appeal, challenging (1) the trial court's finding that a ruling in appellants' favor would represent an impermissible expansion of our holding in *Thomas*, (2) the trial court's grant of summary judgment, and (3) the constitutionality of section 11-9-105(a). We find no merit in appellants' first two arguments, and we decline to reach the merits of the third point on appeal. Accordingly, we affirm the trial court's grant of summary judgment to appellees.

## I. *Expansion of* Thomas v. Valmac Indus., Inc.

■ In our decision in *Thomas v. Valmac Indus., Inc.*, 306 Ark. 228, 812 S.W.2d 673 (1991), we recognized the "dual persona" doctrine as an exception to the exclusive-remedy provisions of the Workers' Compensation Act. In *Thomas*, the claim involved a corporation that *later* merged with the claimant's employer. Under those particular facts, we held that the exclusivity provisions do not bar a tort action against the employer, where the injured employee had a valid third-party claim against the alleged tortfeasor on the date of his injury and the tortfeasor *later merged* with the injured worker's employer. *Thomas*, 306 Ark. at 234-35. We also noted that the claim was not against the employer in its capacity as employer but as the successor corporation to the alleged tortfeasor. *Id.*

■ The appellants' argument that our holding in *Thomas* should be extended to embrace a situation where the injury occurred some three years *after* the corporate merger is unpersuasive. First, the *Thomas* decision explicitly states that its holding is limited to the particular facts of that case. Second, the appellants' reliance on *Billy v. Consolidated Machine Tool Corp.*, 51 N.Y.2d 152, 412 N.E.2d 934, 432 N.Y.S.2d 879 (1980), is misplaced. Although we looked to *Billy* in our *Thomas* decision as one of the first cases to adopt the dual-persona theory, the facts underlying *Billy* are distinguishable from the instant case.

The injured employee in *Billy* was permitted to maintain a suit against his employer, who had merged with two other corporations *prior to* the date of the injury, like the instant case. However, the product that resulted in the injury was manufactured and installed by the two merged corporations prior to the merger. Had the plaintiff in *Billy* not been permitted to sue the employer-manufacturer, the plaintiff would have been barred from any products-liability action against the manufacturer and installer of the defective product. In that vein, the *Billy* court noted that through the employer's merger with two other companies, the employer "voluntarily assumed any obligations that those corporations may have had to individuals who might suffer injury *as a result of a defect in their product.*" (Emphasis added.) *Billy*, 51 N.Y.2d at 161-62.

Here, the appellees neither manufactured nor installed the die-cast machine prior to the merger, and the appellants were not barred from maintaining an action against the die-cast machine's manufacturer, Cleveland Automatic Machine Company.

Third, the legislature reacted to the *Thomas* decision by adopting amendments to section 11-9-105(a) that abrogate the dual-persona exception. It would be unreasonable for this court to expand a doctrine that is now clearly defunct and that the legislature has unequivocally annulled. Notably, in section 11-9-107(e), the legislature stated that a purpose of the section was to annul any inconsistent case law, including *Thomas*. Accordingly, we conclude that the trial court did not err by finding that the facts of the instant case do not warrant an expansion of the dual-persona exception adopted by this court in *Thomas*.

## II. Summary-judgment motion

The appellants' second point on appeal contests the trial court's grant of appellees' motion for summary judgment. In reviewing summary-judgment cases, this court need only decide if the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party left a material question of fact unanswered. Further, the moving party always bears the burden of sustaining a motion for summary judgment. All proof must be viewed in the light most favorable to the resisting party, and any doubts must be resolved against the moving party. The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56 (1998); *Robert D. Holloway, Inc. v. Pine Ridge Add'n Resid. Prop. Owners*, 332 Ark. 450, 966 S.W.2d 241 (1998) (citing *McCutchen v. Huckabee*, 328 Ark. 202, 943 S.W.2d 225 (1997)).

First, Donley and Schulze disagree with the trial court's finding that there is no genuine issue as to any material fact, and they suggest that the characterization of the transfer of the die-cast

machine from Precision to Automatic Castings is one such disputed issue. Appellants argue that the transfer constituted a "sale" by a "supplier" within the meaning of the products-liability statute. On the other hand, the appellees contend that they presented uncontradicted evidence that Precision neither manufactured the machine nor sold it into the stream of commerce. According to the testimony of Dan Jones, the comptroller of Automatic Castings at the time of the transfer, Precision transferred the machine after the merger for book value and entered the transfer as a bookkeeping entry in order to depreciate the machine while in use at Pace's Automatic Castings site.

■ The appellants offered no proof to contradict Jones's testimony. Therefore, we agree with the appellees that the appellants failed to meet proof with proof and that allegations in briefs are not sufficient to demonstrate that a genuine issue of material fact exists. *See Sublett v. Hipps*, 330 Ark. 58, 952 S.W.2d 140 (1997). Absent any evidence contradicting appellees' argument that Precision neither sold nor introduced the machine into the stream of commerce, Pace cannot be deemed a supplier, and there are no grounds to reverse the trial court's grant of summary judgment. Viewing the evidence in the light most favorable to appellants, resolving any doubts against Pace and Precision, and concluding that there is no genuine issue as to any material fact, we hold that the trial court did not err in finding that appellees were entitled to a judgment as a matter of law.

### III. Constitutionality of Section 11-9-105(a)

■ The appellants' third point on appeal challenges the constitutionality of section 11-9-105(a). However, given that the appellants' cause of action arose prior to the enactment of the amendment abrogating the dual-persona doctrine, the statute, as amended, has no application to them nor were they prejudiced by its application. In short, appellants suffered no personal harm and lack standing to challenge the statute's constitutionality.

■ Moreover, the trial court never ruled on the issue, and the burden of obtaining a ruling was on the appellants. Thus,

appellants failed to preserve the issue and have waived the argument on appeal. *See Priest v. Polk*, 322 Ark. 673, 912 S.W.2d 902 (1995); *Brumley v. Naples*, 320 Ark. 310, 896 S.W.2d 860 (1995). In light of the foregoing, we decline to reach the merits of this argument. We affirm the trial court on all other points.