552 S.E.2d 18

**Jennifer M. TATUM and Billy Joe Scarbrough, Respondents,**

v.

**MEDICAL UNIVERSITY OF SOUTH CAROLINA, Petitioner.**

**No. 25345.**

Supreme Court of South Carolina.

Heard June 8, 2000.

Decided Aug. 20, 2001.

Robert H. Hood, Barbara W. Showers, and P. Gunner Nistad, of Hood Law Firm, LLC, of Charleston, for petitioner.

Donald E. Jonas, of Cotty & Jonas, of Columbia, for respondents.

BURNETT, Justice:

This Court granted a writ of certiorari to review *Tatum v. Medical University of South Carolina*, 335 S.C. 499, 511, 517 S.E.2d 706, 713 (Ct.App.1999), in which the Court of Appeals adopted the "dual persona doctrine" and held "where [an] employer-hospital and its physicians negligently treat an employee for a work-related accident and, in doing so, exacerbate the injury," a tort action may be maintained by the employee against the employer-hospital. We reverse.

## FACTS

Respondent Tatum (Mrs. Tatum) injured her back in the course of her employment with Petitioner Medical University of South Carolina (MUSC). She was treated at MUSC's Employee Health Care Service and diagnosed with a midline broadly-based disc herniation.

Mrs. Tatum was later referred to Dr. Sunil J. Patel, a physician employed by MUSC as an assistant professor and neurosurgeon. Ultimately, Dr. Patel performed three surgeries on Mrs. Tatum's back.

Mrs. Tatum filed a medical malpractice action against MUSC alleging she suffered permanent damage to her spinal cord as a result of Dr. Patel's negligence. Her husband, Respondent Scarbrough, asserted a claim for loss of consortium. MUSC denied the allegations in Mrs. Tatum's complaint and claimed Mrs. Tatum's exclusive remedy was under the Workers' Compensation Act.

Finding workers' compensation was Mrs. Tatum's exclusive remedy, the trial court granted MUSC's motion to dismiss under Rule 12(b)(6), SCRCP. Mrs. Tatum appealed.

The Court of Appeals reversed. It reasoned 1) an employee injured within the scope of employment may maintain a malpractice action against a negligent treating physician; 2) the South Carolina Tort Claims Act prohibits Mrs. Tatum from maintaining a malpractice action against Dr. Patel because he is MUSC's employee 3) the provisions of the South Carolina Workers' Compensation Act preclude her from maintaining a tort action against her employer MUSC; 4) nonetheless, pursuant to the "dual persona" doctrine, Mrs. Tatum may maintain a malpractice action against MUSC, not as her employer, but as a provider of hospital services. *Tatum*, 335 S.C. 499, 517 S.E.2d 706.

## ISSUE

Did the Court of Appeals err by holding an employee of a governmental entity/hospital who sustains a compensable work-related injury may maintain a tort action against the

governmental entity/hospital for the negligence of the treating physician? [1]

## DISCUSSION

This case asks us to resolve the conflict, if any, between the South Carolina Tort Claims Act (the Tort Claims Act) [2] and the South Carolina Workers' Compensation Act (the Worker's Compensation Act). [3]

██ Under the Tort Claims Act, "[t]he State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability and damages, contained [in the Act]." § 15–78–40. The Tort Claims Act does not create causes of action. Rather, it removes the common law bar of sovereign immunity in certain circumstances, but only to the extent permitted by the Act itself. *Summers v. Harrison Constr.*, 298 S.C. 451, 381 S.E.2d 493 (Ct.App.1989). The Tort Claims Act specifically provides: "[t]he governmental entity is not liable for a loss resulting from any claim covered by the South Carolina Workers' Compensation Act, except claims by or on behalf of an injured employee to recover damages from any person other than the employer . . .". § 15–78–60(14).

Pursuant to the Tort Claims Act, an employee of a governmental entity who commits a tort while acting within the scope of his official duty is generally immune from suit. § 15–78–70(a) and (b). Instead, a person seeking to file a tort claim against a governmental entity must "name as a party defendant only the agency or political subdivision for which the employee was acting." § 15–78–70(c).

---

1. *Tatum* holds *all* hospitals may be held liable in tort for the negligence of physicians who treat work-related injuries sustained by hospital employees. We have limited our discussion to the law relevant to the facts presented by this case.

2. S.C.Code Ann. §§ 15–78–10 to –200 (Supp.2000).

3. S.C.Code Ann. §§ 42–1–10 to 42–17–90 (1985).

MUSC is a governmental agency subject to the provisions of the Tort Claims Act. *Proveaux v. Medical University of South Carolina*, 326 S.C. 28, 482 S.E.2d 774 (1997). Accordingly, a physician-employee of MUSC is immune from suit for alleged negligence committed in the course of employment. *Id.* A tort action against a physician-employee of MUSC must be maintained against MUSC.

The Workers' Compensation Act provides:

*The rights and remedies granted by this Title to an employee* when he and his employer have accepted the provisions of this Title, respectively, *to* pay and *accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee,* his personal representative, parents, dependents or next of kin *as against his employer, at common law or otherwise,* on account of such injury, loss of service or death.

S.C.Code Ann. § 42–1–540 (emphasis added).

The Workers' Compensation Act further provides:

... [T]he employer shall not be liable in damages for malpractice by a physician or surgeon furnished by him pursuant to the provisions of this section, but the consequences of any such malpractice shall be deemed part of the injury resulting from the accident and shall be compensated for as such.

Section 42–15–70.

The Court of Appeals asserted the purpose of § 42–15–70 "was simply to insulate the employer from liability for a treating physician's negligence merely because the employer exercised control in choosing the physician." [4] *Tatum*, 335 S.C. 499, 505, 517 S.E.2d 706, 709. It maintained while § 42–15–70 protects an employer from suit resulting from the negligence of a treating physician, it does not preclude an injured employee from maintaining a malpractice action against the negligent treating physician. *Id.*

---

4. Section 42–15–60 permits the employer to furnish the treating physician and requires the employee to accept the treating physician, unless otherwise ordered by the Workers' Compensation Commission, or compensation is barred for the period of refusal. In addition, the employee is barred from compensation if he refuses to accept any medical, hospital, surgical or other treatment provided by the employer.

It is undisputed Mrs. Tatum may not maintain a tort action against Dr. Patel but must, instead, prosecute the action against MUSC in order to comply with the provisions of the Tort Claims Act. However, because the exclusivity provisions of the Worker's Compensation Act preclude a tort action against the employer, the Court of Appeals concluded Tatum is "a victim of the circuitous statutory logic which, at least in theory, was enacted to benefit her." *Tatum*, S.C. at 506, S.E.2d at 709. To overcome this "circuitous statutory logic," the Court of Appeals adopted the "dual persona" doctrine. Under the "dual persona" doctrine adopted by the Court of Appeals, "once MUSC referred Tatum to Dr. Patel for treatment, its role as her employer ended, and it took on the legally distinct persona of her treating hospital." *Tatum*, S.C. at 511, S.E.2d at 713. In effect, the Court of Appeals determined, in passing the Tort Claims Act and Workers' Compensation Act, the General Assembly intended to allow government employees who sustain work-related injuries subject to the Workers' Compensation Act the right to maintain tort actions against their government employers for the negligence of treating physicians.

■ Initially, we note this is a case of statutory interpretation. The cardinal rule of statutory construction is for the Court to ascertain and effectuate the intent of the legislature. *Lester v. South Carolina Workers' Compensation Comm'n*, 334 S.C. 557, 514 S.E.2d 751 (1999). We conclude provisions in both the Tort Claims Act and Workers' Compensation Act clearly establish the General Assembly did not intend to allow a government employee to maintain a tort action against her employer when workers' compensation is applicable.

First, in passing the Tort Claims Act, the legislature contemplated the effect of tort liability on government employers where government employees sustain a work-related injury. The Tort Claims Act specifically bars an action by an employee against her government employer when the claim is covered by workers' compensation. § 15–78–60(14) ("[t]he governmental entity is not liable for a loss resulting from any claim covered by the South Carolina Workers' Compensation Act ...."); *see* Lester S. Jayson and Robert C. Longworth *Handling Federal Tort Claims* § 5.05[2][f] (2000) ("[w]hen an employee has sustained injuries which are compensable under

the [Federal Employees] Compensation Act, and those injuries are aggravated, or others are sustained, in the course of treatment for the initial injuries, as for example, when there has been negligence or malpractice in the government hospital where the employee was sent, the employee may not prosecute a separate claim under the [Federal] Tort Claims Act for such aggravation or subsequent injuries. Here, too, the Compensation Act provides the exclusive remedy."). In keeping with the provisions of the Workers' Compensation Act, government employers, like private employers, are not liable in tort for work-related injuries sustained by their employees. § 15–78–40 ("... governmental entities are liable for their torts in the same manner and to the same extent as a private individual in like circumstances ... ".).

Second, the exclusivity provision of the Workers' Compensation Act precludes an employee from maintaining a tort action against her employer where the employee sustains a work-related injury. § 42–1–540 (the remedies granted an employee to accept compensation excludes all other remedies against his employer). The State and its employees are subject to the exclusivity provision of the Workers' Compensation Act. § 42–1–320 (Supp.1999).

Section 42–15–70 is particularly applicable. As noted above, § 42–15–70 provides:

> ... [T]he employer shall not be liable in damages for malpractice by a physician or surgeon furnished by him pursuant to the provisions of this section, but the consequences of any such malpractice shall be deemed part of the injury resulting from the accident and shall be compensated for as such.

Section 42–15–70 has been interpreted as providing "the aggravation of an injury by medical or surgical treatment necessitated by an original compensable injury is compensable and new injuries resulting indirectly from the original injury or from medical or surgical treatment are likewise compensable." *Whitfield v. Daniel Constr. Co.*, 226 S.C. 37, 41, 83 S.E.2d 460, 462 (1954); *see* 82 Am.Jur.2d *Workers' Compensation* § 371 (1992) ("... rule that a new injury or aggravation of an injury under treatment, as result of that treatment, arises out of and in the course of employment has been

followed even where the aggravation of the work-related injury is caused by medical malpractice."). The original work-related injury is regarded as the proximate cause of the damage flowing from the subsequent negligent treatment. *Whitfield, supra* ("[e]very natural consequence which flowed from this injury, unless the result of an independent intervening cause, sufficient to break the chain of causation, is likewise compensable.").

■ We agree with the Court of Appeals that, in general, treating physicians, as third parties to the employer-employee relationship, do not fall within the immunity provisions of the Workers' Compensation Act and are subject to suit. § 42–1–540 (employee may maintain action at law against "any person other than the employer"); *see* 6 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 112.02[1][a] (1999) ("[w]hen a physician has no special status under the act conferring immunity, every jurisdiction dealing with the question has recognized in some form that a suit will lie against a physician who has aggravated a compensable injury by malpractice.").[5] Unlike a treating physician, however, the employer is not a third party amenable to suit. Section 42–1–540 authorizes suit against "any person other than the employer." Section 42–15–70 expressly states the employer shall not be liable in tort for the physician's malpractice. Instead, the consequences of the malpractice are compensated as part of the work-related injury without the necessity of the employee establishing traditional tort liability.[6] The plain language of

---

**5.** Presumably, the employer would have a lien on any proceeds attributable to the negligence of the third-party physician. § 42–1–560(b) (1985); *see Hardee v. Bruce Johnson Trucking Co.,* 293 S.C. 349, 360 S.E.2d 522 (Ct.App.1987) (where workers' compensation claimant instituted third-party action against physician who allegedly exacerbated work-related injury by negligent surgery).

**6.** *See Balancio v. United States,* 267 F.2d 135, 137–138 (2d Cir.1959), *cert. denied* 361 U.S. 875, 80 S.Ct. 139, 4 L.Ed.2d 114 (" ... the initial wrong is the cause of all that follows, even when there has intervened a succeeding negligent act that produced the aggravation. We interpret the [Federal Employees] Compensation Act as a substitute for the whole of the claim that, but for it, would have arisen under the [Federal] Tort Claims Act ... [W]e cannot disregard the fact that Congress meant that, whenever 'compensation' was available to a Federal employee, it was to be his only remedy").

the Workers' Compensation Act precludes suit by an employee against her employer. *Lester*, 334 S.C. 557, 514 S.E.2d 751 (if a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the Court has no right to look for or impose another meaning).

Third, even if we were persuaded the Tort Claims Act and Workers' Compensation Act did not specifically preclude suit by a government employee against her government employer for the negligence of the treating physician, the "dual persona" doctrine would nevertheless be inapplicable under the circumstances of this case. Under the "dual persona" doctrine, "[a]n employer may become a third person, vulnerable to suit by an employee, if—and only if—it possesses a second persona so completely independent from and unrelated to its status as employer that by the established standards the law recognizes that persona as a separate legal person." *Larson's Workers' Compensation Law* § 113.01[1] (1999). Larson suggests use of the term "persona" is dictated by the typical third-party workers' compensation statute which usually defines a third party as "a *person* other than the employer." [7] The "dual persona" concept is applied in situations where the law clearly recognizes "the duality of legal persons, so that it may be realistically assumed that a legislature would have intended that duality to be respected." *Id.* § 113.01[2]; *see* 82 Am.Jur.2d *Workers' Compensation* § 82 (1992) (for "dual persona" doctrine to apply, employer must have a completely unrelated and legally recognized identity other than as employer to be liable in a tort action).

Larson carefully distinguishes the "dual persona" doctrine from the "dual capacity" doctrine. Under the "dual capacity" doctrine, an employer becomes vulnerable to suit as a third party "if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent to those imposed on him as employer." 2A Larson *Workmen's Compensation Law* § 72:80 (1976). While the "dual persona" doctrine recognizes different identities, the "dual capacity" doctrine recognizes different activities or rela-

---

7. S.C.Code Ann. § 42–1–540 (employee may maintain an action at law against "any *person* other than the employer") (italic added).

tionships. *Larson's Workers' Compensation Law* § 113.01[2] (1999). Larson disfavors the "dual capacity" doctrine, noting courts have tended to use the judicially-created doctrine to destroy employer immunity simply when there are separate legal theories which can be brought against the employer and suggests the "dual persona" doctrine is more tolerable. Our Court has rejected the "dual capacity" doctrine. *Johnson v. Rental Uniform Service of Greenville,* 316 S.C. 70, 447 S.E.2d 184 (1994).

■ While this Court has not considered the "dual persona" theory, several states have adopted the "dual persona" doctrine in the context of product liability suits by employees. *See Thomeier v. Rhone–Poulenc, Inc.,* 928 F.Supp. 548 (W.D.Pa.1996) (under "dual persona" doctrine, injured employee may maintain tort action against employer when the employer is the corporate successor of the manufacturer of the defective product that caused the injury and the product was manufactured before the corporate merger); *Thomas v. Valmac Indus.,* 306 Ark. 228, 812 S.W.2d 673 (1991) (same); *Percy v. Falcon Fabricators, Inc.,* 584 So.2d 17 (Fla.Dist.Ct. App.1991) (same); *Robinson v. KFC Nat. Management Co.,* 171 Ill.App.3d 867, 121 Ill.Dec. 721, 525 N.E.2d 1028 (1988) (same); *Gurry v. Cumberland Farms, Inc.,* 406 Mass. 615, 550 N.E.2d 127 (1990) (same); *Kimzey v. Interpace Corp., Inc.,* 10 Kan.App.2d 165, 694 P.2d 907 (1985) (same); *Schweiner v. Hartford Acc. & Indem. Co.,* 120 Wis.2d 344, 354 N.W.2d 767 (Ct.App.1984) (same); *Billy v. Consolidated Mach. Tool Corp.,* 51 N.Y.2d 152, 432 N.Y.S.2d 879, 412 N.E.2d 934 (1980) (same). Similarly, courts have applied the "dual persona" doctrine where the employer has other legally-recognized identities. *See Evans v. Thompson,* 124 Wash.2d 435, 879 P.2d 938 (1994) (employees/plaintiffs could maintain suit against defendants who owned the land upon which plaintiffs were injured and were also corporate shareholders, officers, directors, and co-employees of employer corporation); *Rauch v. Officine Curioni, S.P.A.,* 179 Wis.2d 539, 508 N.W.2d 12 (Ct.App.1993) (employee could maintain tort action against employer, since in creating legal entity separate from employer-corporation to own and lease machine which injured employee, employer created second persona independent and unrelated to status as employer); *LaBelle v. Crepeau,* 593

A.2d 653 (Me.1991) (employee could maintain suit against corporate employer's majority stockholder who was landlord and owner of the work site); *Doggett v. Patrick,* 197 Ga.App. 420, 398 S.E.2d 770 (1990) (grocery store employee may maintain action against landlord who leased premise to corporate employer-store even though landlord was president of corporation); *but see Estate of Blakely v. Asbestos Corp., Ltd.,* 766 F.Supp. 721 (E.D.Ark.1991) (workers' compensation exclusivity did not apply to employee's products liability action against employer based on exposure to asbestos which was manufactured by employer and applied in employer's plant by outside contractor).[8] Conceptually, under the "dual persona" doctrine the employee is not suing his employer, but rather the legal entity which is alleged to have caused his injury.

Courts have declined to apply the "dual persona" doctrine in situations where the employer does not have separate legal identities at the time of the work-related injury. *Durham v. Country Village Assoc.,* 1999 WL 169402 (Del.Super.1999) (relying on "dual persona" doctrine, maintenance employee-tenant at apartment complex could not maintain action against employer-landlord after sustaining work-related injury); *Estate of Donley v. Pace Indus.,* 336 Ark. 101, 984 S.W.2d 421 (1999) (estate of employee killed in work accident involving machine precluded from maintaining products liability action against company that used to own machine and company's parent, both of which had merged three years earlier with employee's employer); *Singhas v. New Mexico State Highway Dep't,* 124 N.M. 42, 946 P.2d 645 (1997) ("dual persona" doctrine did not provide exception to workers' compensation exclusivity provision so as to allow one state agency's employee to bring tort suit against another state agency for injuries sustained in work-related automobile accident); *Samson v. DiConzo,* 669 A.2d 760 (Me.1996) (cocktail waitress injured by patron failed to establish employers who performed different functions and duties within restaurant in individual capacities

---

**8.** At least two jurisdictions have rejected the "dual persona" theory on the basis that any exceptions to the workers' compensation exclusivity doctrine must be adopted by the legislature. *Smith v. Monsanto Co.,* 822 F.Supp. 327 (S.D.W.Va.1992); *Panaro v. Electrolux Corp.,* 208 Conn. 589, 545 A.2d 1086 (1988). North Carolina has not addressed the "dual persona" doctrine. *Anderson v. Piedmont Aviation, Inc.,* 68 F.Supp.2d 682 (M.D.N.C.1999).

were separate legal entity); *Li v. C.N. Brown Co.*, 645 A.2d 606 (Me.1994) (without alleging employer maintained separate legal identity as owner of premises where employee convenience store worker was shot and killed, exclusive remedy against employer was workers' compensation); *Quinn v. DiPietro*, 642 A.2d 1335 (Me.1994) (employee could not maintain suit against employer who both operated business and· co-owned building).

■ The "dual persona" theory is inapplicable to the facts of this case. Contrary to the Court of Appeals' assertion, MUSC did not take on the "legally distinct persona of [Mrs. Tatum's] treating hospital" by referring her to Dr. Patel for treatment. MUSC is only one legal entity even though it may act in many different capacities, including those of employer and medical provider. *McAlister v. Methodist Hospital · of Memphis*, 550 S.W.2d 240, 246 (Tenn.1977) (court refused to apply "dual· persona" theory to permit suit against hospital-employer, recognizing "[t]he employer is the employer; not some person other than the employer."). Even if we were to adopt the "dual persona" doctrine, it is inapplicable in this situation.

Finally, the Court of Appeals' analysis assumes all employees may maintain a tort action against physicians for negligently treating a work-related injury. This assumption ignores the workers' compensation principle providing statutory immunity for co-employees. § 42–5–10 (when an employer accepts the workers' compensation provisions, "he or those conducting his business shall only be liable to any employee ... to extent provided in Act."); *Nolan v. Daley*, 222 S.C. 407, 73 S.E.2d 449 (1952) ("those conducting his business" includes any person who is performing any work incident to the employer's business); *Neese v. Michelin Tire Corp.*, 324 S.C. 465, 478 S.E.2d 91 (Ct.App.1996), *overruled on other grds. Abbott v. The Limited, Inc.*, 338 S.C. 161, 526 S.E.2d 513 (2000) (employee injured by actions of co-employee conducting employer's business is barred by Workers' Compensation Act from proceeding in tort against co-employee). While we need not decide whether physicians may be liable in tort to their co-employees, it is at least questionable whether Mrs. Tatum could have maintained a tort action against her co-employee Dr. Patel in spite of the Tort Claims Act provision requiring

suit against the employer or the Workers' Compensation Act exclusivity provisions. *See Daniels v. Seattle Seahawks,* 92 Wash.App. 576, 968 P.2d 883 (1998) (co-employee doctor was immune from action by employee for negligence in diagnosis and treatment of work-related injury); *Deller v. Naymick,* 176 W.Va. 108, 342 S.E.2d 73 (1985) (employee may not sue co-employee doctor for alleged negligence in treatment of work-related injury); *Franke v. Durkee,* 141 Wis.2d 172, 413 N.W.2d 667 (Ct.App.1987) (co-employee doctor is immune from suit under workers' compensation law); *see also* 6 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 112.02[1][b] (1999) (where statute excludes co-employees from range of suable third parties, physician employed by same employer as injured employee is usually held sheltered by the exclusive-remedy provision).

We conclude there is no conflict between the Tort Claims Act and the Workers' Compensation Act. Both Acts expressly prohibit a government employee who sustains a work-related injury from maintaining a tort action against her government employer. While we sympathize with Mrs. Tatum, we are bound by the General Assembly's declaration of state policy.

The decision of the Court of Appeals is reversed. The trial judge's order granting MUSC's motion to dismiss pursuant to Rule 12(b)(6), SCRCP, is reinstated. *McEachern v. Black,* 329 S.C. 642, 496 S.E.2d 659 (Ct.App.1998) (trial court's grant of motion to dismiss will be sustained if facts alleged in the complaint do not support relief under any theory of law).

**REVERSED.**

MOORE, J., concurs.

WALLER, J., concurring in a separate opinion.

TOAL, C.J., dissenting in a separate opinion in which PLEICONES, J., concurs.

WALLER, Justice (Concurring in result with the majority):

Although I am sympathetic to Tatum, I am constrained to concur with the majority opinion. Pursuant to S.C.Code Section 42–15–70, it is patent that MUSC is not liable for the negligence of its treating physician, and Tatum's exclusive

remedy is worker's compensation. Accordingly, as the legislature has not indicated an intent to allow Tatum to recover in this situation, I must concur with the majority.

Moreover, although I am not averse to adoption of the dual persona doctrine, I concur with the majority that it would have no application to the present case. There is a distinction between the doctrines of dual **capacity** and dual **persona**. As noted by Professor Larson,

> [A dual **persona**] is quite different than a person acting in a **capacity** other than that of employer. The question is not one of activity or relationship it is one of identity. The Tennessee Supreme Court, brushing aside all the fictitious sophistry of 'dual capacity,' nailed down this point with breathtaking simplicity:
>
> The employer is the employer; not some person other than the employer. It is as simple as that.[9]
>
> The only way a court can break through this monolithic truism is to resort to a legal fiction.

6 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 113.01[2](2000).

To hold Tatum may recover in tort from MUSC is, in reality, simply an application of the legal fiction known as the dual capacity doctrine, a doctrine sharply criticized by Professor Larson, and previously rejected by this Court. *Id.; Johnson v. Rental Uniform Service of Greenville,* 316 S.C. 70, 447 S.E.2d 184 (1994).

TOAL Chief Justice:

I respectfully dissent. In my opinion, the Court of Appeals correctly held that Mrs. Tatum and Mr. Scarborough should not be precluded from pursuing these negligence and loss of consortium claims in light of the "dual persona" doctrine. Once MUSC undertook to act as Mrs. Tatum's medical provid-

---

**9.** *Citing McAlister v. Methodist Hospital of Memphis,* 550 S.W.2d 240, 246 (Tenn.1977), in which the Tennessee Supreme Court held a hospital employee who sustained a compensable injury while at work, and thereafter sustained further injury after undergoing surgery in same hospital to correct her back injury, could not bring tort action against hospital or treating physician as workmen's compensation provided exclusive remedy.

er, it took on a persona legally distinct from its status as her employer. I would dismiss the writ of certiorari as improvidently granted.

PLEICONES, concurs.