THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Jon Smart, Diana Smart and Richard Smart,       
Appellants,
 
 
 

v.

 
 
 
Roy Gullick, Jr.;  State of South Carolina (Department of Juvenile Justice),       
Defendants,
Of Whom/ORoy Gullick, Jr., is the       
Respondent.
 
 
 

Appeal From Greenville County
John W. Kittredge, Circuit Court Judge

Unpublished Opinion No. 2003-UP-387
Submitted March 26, 2003  Filed June 
 5, 2003   

AFFIRMED

 
 
 
Theo W. Mitchell, of Greenville; for Appellants.
Andrew Lindemann, Esquire; William Davidson, of Columbia; 
 for Respondent.
 
 
 

PER CURIAM:  Richard Smart 
 (Richard) and his parents (collectively the Smarts) appeal the circuit courts 
 grant of a 12(b)(6) motion to dismiss in favor of Department of Juvenile Justice 
 (DJJ)  Employee, Roy Gullick, Jr. on their allegations Gullick acted negligently 
 by assigning Richard to the Marine Institute.  The Smarts insist in their appeal 
 Gullick acted outside the scope of his official duty in making the assignment 
 and therefore does not enjoy immunity from personal liability under the South 
 Carolina Tort Claims Act, S.C. Code Ann. § 15-78-70 (1976 as amended).  
FACTS AND PROCEDURAL 
 HISTORY
On November 5, 
 1998, Richard pled guilty to second-degree burglary.  The family court committed 
 him to the custody of the DJJ and recommended that the DJJ provide drug treatment 
 and counseling to address his glue huffing addiction.  Further, the family court 
 recommended the Marine Institute as a consideration for possible placement. 
 During the guilty plea proceeding, Richards mother informed the court that 
 her son had club feet and this physical limitation might prevent him from participating 
 in the Marine Institute Program.  Roy Gullick, Jr., an employee and agent of 
 the DJJ, assisted in assigning Richard to the Marine Institute. On August 12, 
 1999, while engaged at a Marine Institute work site, Richard murdered a truck 
 driver and stole his vehicle. Pursuant to a plea bargain, Richard was sentenced 
 to life without parole for the murder of the driver and grand larceny.  
On August 20, 2001, 
 the Smarts filed a complaint in the circuit court against Gullick and the DJJ 
 alleging Gullick was negligent in pursuing the recommendation for possible placement 
 at the Marine Institute. Gullick made a 12(b)(6) motion to dismiss arguing he 
 was immune from liability under the South Carolina Tort Claims Act, S.C. Code 
 Ann. § 15-78-10 et. seq. (1976 as amended).  Gullick contended 
 he was at all times acting within the course and scope of his official duties 
 as an employee of the DJJ.   The circuit court granted Gullicks 12(b)(6) motion 
 to dismiss. [1]   The circuit 
 court noted the complaint only alleged negligence.  The court found such allegations 
 clearly render Agent Gullick immune under the Tort Claims Act. 
STANDARD OF REVIEW
Generally, a ruling on a motion to dismiss under Rule 12(b)(6), 
 SCRCP, must be based solely on the allegations contained in the complaint.  
 Baird v. Charleston County, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999).  
 Viewing the evidence in favor of the plaintiff, the motion must be granted 
 if facts alleged in the complaint and inferences reasonably deducible therefrom 
 do not entitle the plaintiff to relief on any theory of the case.  Jarrell 
 v. Petoseed Co., 331 S.C. 207, 209, 500 S.E.2d 793, 794 (Ct. App. 1998).
DISCUSSION
The Smarts contend the circuit court erred in granting Gullicks 
 12(b)(6) motion to dismiss arguing their pleadings stated facts sufficient to 
 constitute a cause of action.  We disagree.
Pursuant to the Tort Claims Act, an employee of a governmental entity 
 who commits a tort while acting within the scope of his official duty is generally 
 immune from suit.  § 15-78-70(a) and (b).  Instead, a person seeking to file 
 a tort claim against a governmental entity must "name as a party defendant 
 only the agency or political subdivision for which the employee was acting."  
 § 15-78-70(c).  Tatum v. Medical University of South Carolina, 346 S.C. 
 194, 198, 552 S.E.2d 18, 20-21 (S.C. 2001).  
The DJJ is a governmental agency subject to the provisions of the Tort Claims 
 Act.  Accordingly, an employee of the DJJ is immune from suit for alleged negligence 
 committed in the course of employment. Accordingly, Gullick would be denied 
 employee immunity only if he acted outside the scope of his official duties 
 or his actions constituted fraud, malice, an intent to harm, or a crime of moral 
 turpitude.  Antley v. Shepard, 340 S.C. 541, 553, 532 S.E.2d 294, 299 
 (Ct. App. 2000).
The Smarts made no allegations in their complaint that Gullick ever 
 acted outside of the scope of his official duties.  To the contrary, the complaint 
 consistently referred to Gullick in his official capacity as an  the agent, 
 employee and assign of the D.J.J. (Emphasis added)  The only causes of 
 action are for negligence. The compliant makes no mention of any conduct which 
 could constitute fraud, malice, an intent to harm, or a crime of moral turpitude.  
 Accordingly, the general cloak of immunity provided by the Tort Claims Act shields 
 Gullick from any liability that may have arisen out of his alleged negligence 
 and renders the Smarts complaint meritless. [2]   The order of the circuit court granting a 
 motion to dismiss under 12(b)(6) is,
AFFIRMED.
CURETON, ANDERSON, and HUFF, JJ., concur.

 
 
 [1] Both parties submitted affidavits to support their positions. However, 
 the court ultimately determined that material outside of the pleadings should 
 not be considered. 

 
 [2] We note that the Smarts included in the Record on Appeal affidavits 
 and a partial transcript from a prior family court proceeding. Mindful of 
 our standard of review and consistent with the proceeding below we decline 
 to extend our review to these additional materials.