THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Brian E. Peltier, Appellant,
 v.
 Jobe C. Metts, M.D., Florida Medical Development, Inc., Tenet South Carolina, Inc., d/b/a
 East Copper Regional Medical Center, University Medical Associates of the
 Medical University of South Carolina, Carolina Specialty Care, Inc., Carolina
 Specialty Care Physicians, P.A., Defendants,
 of whom Jobe C. Metts, M.D. is the Respondent.
 
 
 

Appeal From Charleston County
  J. C. Buddy Nicholson, Jr., Circuit Court
 Judge

Unpublished Opinion No. 2007-UP-317
Heard June 5, 2007  Filed June 14, 2007    

AFFIRMED

 
 
 
 Brian E. Peltier, of Charleston, for
 Appellant.
 Sandra J. Senn and Robin L. Jackson, of Charleston, for
 Respondent.
 
 
 

PER CURIAM:  Brian
 Peltier appeals the circuit courts order granting Dr. Jobe Metts motion to
 dismiss because Peltier failed to comply with the two-year statute of
 limitations under the South Carolina Tort Claims Act.  See S.C. Code
 Ann. § 15-78-110 (2005).  We affirm. 
On
 September 25, 2002, Dr. Metts performed a lithotripsy procedure on Peltier.  At
 the time, Dr. Metts worked at a satellite urology clinic for the Medical
 University of South Carolina (MUSC).  On September 25, 2005, Peltier brought
 this action against Dr. Metts, among others, alleging Dr. Metts negligently
 performed the lithotripsy procedure.  Dr. Metts moved the circuit court to
 dismiss Peltiers action against him because it exceeded the two-year statute
 of limitations under the Tort Claims Act.  The circuit court agreed, and
 dismissed Peltiers action.  Peltier appeals. 
On
 appeal, Peltier argues the circuit court erred in dismissing his action for
 failing to file and serve it within the applicable statute of limitations. 
 Peltier also asserts the circuit court erred in refusing to allow him to
 proceed to discovery.  While we recognize Peltiers position, the record
 establishes to the exacting summary judgment standard that Dr. Metts worked for
 MUSC, a government entity under the Tort Claims Act.  S.C. Code Ann. §
 15-78-30(d) (2005); Tatum v. Med. Univ. of S.C., 346 S.C. 194, 199, 552
 S.E.2d 18, 21 (2001) (MUSC is a governmental agency subject to the provisions
 of the Tort Claims Act.).  Accordingly, absent a verified claimwhich Peltier
 did not filePeltier had two years to bring his action against MUSC.  S.C. Code
 Ann. § 15-78-110; see also Joubert v. S.C. Dept of Soc. Servs., 341
 S.C. 176, 186, 534 S.E.2d 1, 6 (Ct. App. 2000).  Because Peltier exceeded this
 two year limitation, his action is time-barred.[1] 
 Therefore, the circuit court did not err. 
AFFIRMED.
HEARN,
 C.J., KITTREDGE, J., and CURETON, A.J., concur.
 

[1]  Because we decide this case based on the applicable statute
 of limitations, we decline to address Peltiers remaining assignments of error.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598,
 613, 518 S.E.2d 591, 598 (1999) (noting that an appellate court need not
 address the remaining issues when disposition of a prior issue is dispositive).