496 S.E.2d 659

**Michael J. McEACHERN, Appellant,**

**v.**

**John T. BLACK, Respondent.**

**No. 2785.**

Court of Appeals of South Carolina.

Heard Dec. 4, 1997.

Decided Jan. 26, 1998.

Rehearing Denied Mar. 19, 1998.

---

644

James Lee Murphy, Hilton Head Island, for appellant.

Edwin E. Evans, of the Office of General Counsel, State Budget and Control Board, Columbia, for respondent.

HOWARD, Judge:

Michael J. McEachern appeals the dismissal of his complaint against John T. Black, a family court judge. We agree with the trial court's determination that Judge Black is entitled to judicial immunity and affirm.

## FACTS

This case arises out of actions stemming from *South Carolina Department of Social Services v. Jamerson,* (87 DR–07–538). In *South Carolina Department of Social Services v. Jamerson,* the family court ordered Jamerson to provide child support and health insurance for his minor children. Jamerson defaulted on his child support payments. To avoid a hearing, Jamerson agreed to have his wages withheld to satisfy his obligation.

Thereafter, Jamerson failed to provide the insurance for his minor children as ordered by the court. Accordingly, the Beaufort County clerk issued a complaint and rule to show cause to Jamerson. Attached to the complaint were instructions for Jamerson's employer to provide information describing the availability of health insurance. Michael McEachern, an employee of Roof Doctor, subsequently issued a letter on Roof Doctor letterhead to the Department of Social Services attorney assigned to the matter. The letter contained the following:

> As Bernard Jamerson's employer, I have been asked to explain to you that Bernard has no health coverage available at work. This is a common predicament among people who are not fortunate enough to be employed by the government or a large corporation. It is our hope to be able to offer some sort of plan within the next year.
>
> It is remarkable and infuriating to me that a hard working man is hassled and caused to waste a workday sitting in a courtroom because our State's judges and lawyers haven't got a clue to what's reality for the productively employed population. Contempt for what? For him to be in contempt, he has to have an option. If you want to know why Bernard has no health insurance—or if the Honorable One does—let me make a suggestion: get a real job. Until then, though, please leave this man alone.
>
> Yours very truly,
>
> /s/ Michael J. McEachern

During the hearing on Jamerson's failure to provide insurance, the DSS attorney presented McEachern's letter to the presiding judge, Judge Black. Judge Black determined that McEachern should be brought before the court to show cause why he should not be held in contempt. The family court clerk later issued a rule to show cause and notice of hearing to McEachern.

McEachern retained the services of an attorney to represent him in the contempt hearing. The attorney wrote Judge Black requesting a dismissal of the rule to show cause. Before McEachern filed a formal response, Judge Black entered a dismissal of the rule to show cause based on the attorney's request. The hearing was thereby canceled.

McEachern filed a complaint against Judge Black, alleging abuse of process, malicious prosecution, intentional infliction of emotional distress, violation of civil rights, and negligence. Judge Black filed a motion to dismiss McEachern's complaint. The trial court granted Judge Black's dismissal based on judicial immunity. McEachern appeals the trial court's order granting the dismissal.

## SCOPE OF REVIEW

A trial court's grant of a motion to dismiss will be sustained only if the facts alleged in the complaint do not support relief under any theory of law. *Stiles v. Onorato,* 318 S.C. 297, 457 S.E.2d 601 (1995). Judicial immunity affords absolute immunity from suit. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Therefore, a finding of judicial immunity renders a complaint alleging judicial misconduct meritless.

## LAW/ANALYSIS

### I.

McEachern argues that the trial court erred in finding that Judge Black was entitled to judicial immunity for his actions. Judicial immunity is one of the fundamental pillars upon which the modern system of justice was built. As early as 1871, the United States Supreme Court recognized the importance of judicial immunity by holding, "[t]he principle, therefore, which exempts judges of courts of superior or general authority from liability in a civil action for acts done by them in the exercise of their judicial functions, obtains in all countries where there is any well ordered system of jurisprudence." *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1871). Without judicial immunity, losing parties would vent their ire on the presiding judge. *Id.* at 348. Court dockets would explode and those willing to expose themselves to the lawsuit-prone job of judge would cower under the constant threat of legal retribution for good-faith errors. *Id.* at 347. Simply stated, absolute judicial immunity is vital for the continuation of an independent judiciary and for the preservation of judicial integrity.

■ Judicial immunity, however, is not without limitations. The Supreme Court has carved out three exceptions. *See* Erwin Chemerinsky, *Federal Jurisdiction* § 8.6 (2d ed. 1994). First, no judicial immunity exists if the judge acts in the "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 357, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978). Second, judicial immunity extends only to judicial acts. *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). Finally, judges cannot claim judicial immunity for suits seeking only prospective, injunctive relief. *Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).

In this case, whether Judge Black can invoke judicial immunity depends on (1) whether he acted in the clear absence of all jurisdiction by issuing the rule to show cause to McEachern or (2) whether issuing the rule to show cause was a nonjudicial act. Because McEachern does not seek prospective, injunctive relief, the third exception to judicial immunity does not apply in this case.

## II.

■ McEachern argues that Judge Black was acting outside the scope of his jurisdiction in issuing a rule to show cause because McEachern was not a party to the underlying litigation. The appropriate test for determining whether a judge acts in clear absence of all jurisdiction for the purposes of judicial immunity has been outlined by the United States Supreme Court. In *Stump v. Sparkman,* the Supreme Court stated that

[t]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction *over the subject matter before him.*

435 U.S. 349, 356, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978) (emphasis added).

Subject matter jurisdiction is the power of a court to "hear and determine cases of the general class to which the proceedings in question belong." *Brown v. Evatt,* 322 S.C. 189, 193, 470 S.E.2d 848, 850 (1996); *Dove v. Gold Kist, Inc.,* 314 S.C. 235, 442 S.E.2d 598 (1994).

 The Supreme Court of South Carolina has held that presiding family court judges in South Carolina have contempt power. *Curlee v. Howle*, 277 S.C. 377, 287 S.E.2d 915 (1982). "The power to punish for contempt is inherent in all courts. Its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders and writs of the courts, and consequently to the due administration of justice." *Id.* at 382, 287 S.E.2d at 917. Thus, Judge Black was not acting outside of the subject matter jurisdiction of his court in issuing a rule to show cause for contemptuous behavior and, accordingly, was not acting in clear absence of all jurisdiction.[1]

### III.

 McEachern argues that Judge Black's rule to show cause was not a judicial act because (1) Judge Black issued the rule to show cause sua sponte and (2) the rule to show cause amounted to a slander or defamation claim which should have been brought in a circuit court. McEachern's arguments reflect a fundamental misunderstanding of the law of contempt.

 First, judges have the authority to sua sponte use contempt proceedings to preserve the authority and dignity of their courts. *State v. Blanton*, 278 S.C. 597, 300 S.E.2d 286 (1983); *Long v. McMillan*, 226 S.C. 598, 86 S.E.2d 477 (1955); 17 C.J.S. *Contempt* § 63 (1963) ("The court, without complaint, may of its own motion, institute proceedings to punish for offenses against its dignity and authority, although the contempt was not, strictly speaking, committed in the presence of the court."). Further, even if Judge Black had improperly issued the rule to show cause, the error would not have rendered his act non-judicial in nature. *Stump v. Sparkman*, 435 U.S. at 358, 98 S.Ct. at 1105–06, 55 L.Ed.2d 331 (1978).

> A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. The Court made this point clear in *Bradley*, [80 U.S.] 13 Wall., at 357 [20

---

1. Because Judge Black dismissed the rule to show cause, we need not address the merit of the contempt claim.

L.Ed. 646], where it stated: "[T]his erroneous manner in which [the court's] jurisdiction was exercised, however it may have affected the validity of the act, did not make the act any less a judicial act. . . ."

*Id.* at 359, 98 S.Ct. at 1106.

Second, Judge Black was not pursuing a personal claim against McEachern, which would have warranted a separate summons and complaint. Judge Black sought no monetary retribution from McEachern. Even if Judge Black had been maliciously pursuing the contempt action, judicial immunity would still protect his actions as long as the act was judicial in nature. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1871). *See also Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (Stewart, J., dissenting).

Finally, rules to show cause and contempt proceedings are inherently judicial acts. *Crooks v. Maynard,* 913 F.2d 699 (9th Cir.1990). *See Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331 (1978) ("[F]actors determining whether an act by a judge is a judicial one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge."). Judge Black was acting in his official capacity, performing an act normally performed by judges exercising their contempt powers. The issuance of the rule to show cause was, therefore, a judicial act for which Judge Black can claim judicial immunity.

Apparently, McEachern misconstrues the Supreme Court's holding in *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). In *Forrester,* the Court held that a judge did not have judicial immunity for firing a probation officer. *Id.* at 230, 108 S.Ct. at 545–46. The Court thus created a distinction between judicial and administrative decisions, with judges receiving judicial immunity only for judicial functions. *Forrester* is inapplicable in the present case because Judge Black was acting in a judicial, not administrative, capacity.

## IV.

Without any citation to precedent, McEachern argues that Judge Black's dismissal of the rule to show cause consti-

tutes res judicata which bars Judge Black from arguing judicial immunity. We disagree.

The essential elements of res judicata require: "(1) the judgment must be final, valid and on the merits; (2) the parties in the subsequent action must be identical to those in their first; and (3) the second action must involve matter properly included in the first action." *Town of Sullivan's Island v. Felger,* 318 S.C. 340, 344, 457 S.E.2d 626, 628 (Ct.App.1995). Because Judge Black expressly dismissed the case "without prejudice to the rights of either party," Judge Black's dismissal of the rule to show cause does not satisfy the first element of a final and valid judgment on the merits. "A dismissal of a case 'without prejudice means that the plaintiff can reassert the same cause(s) of action by curing the defects that led to dismissal. By contrast, dismissals with prejudice are intended to bar relitigation of the same claim.'" *Collins v. Sigmon,* 299 S.C. 464, 467, 385 S.E.2d 835, 837 (1989) (citing Friedenthal, Kane & Miller, *Civil Procedure* 651 (1985)). Thus, because the dismissal was made without prejudice to either party, res judicata does not apply and we need not address the other two elements.

## V.

In conclusion, we hold that judicial immunity shields Judge Black from McEachern's suit. When Judge Black issued the rule to show cause to McEachern, Judge Black performed a judicial act which was not done in the clear absence of all jurisdiction. In addition, res judicata does not apply to Judge Black's dismissal of the rule to show cause to prevent Judge Black from claiming judicial immunity. Accordingly, the decision of the trial court is

**AFFIRMED.**

HEARN and STILWELL, JJ., concur.