SCREENING MEMORANDUM

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Michael Westbury,       
 Appellant,
 
 
 

v.

 
 
 
Dorchester County and Patrick Watts,       
Respondents.
 
 
 

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-100
Submitted November 19, 2003  Filed February 17, 2004 

AFFIRMED

 
 
 
Michael Westbury, of St. George, for Appellant.
Marvin C. Jones and R. Clenten Campbell, of Walterboro, for Respondents.
 
 
 

PER CURIAM:  Appellant sued Dorchester County 
 and the master in equity after the master vacated Appellants purchase of a 
 property at an auction conducted by the master. The trial judge granted summary 
 judgment to both defendants. We affirm.
 FACTS
Dorchester County sold a property at an auction 
 on March 1, 1999. That auction was a mistake because Money First Financial Services, 
 one of the interested parties, had not been properly noticed about the auction. [1] Michael Westbury attended the auction and placed 
 the highest bid. Following the sale, the master in equity realized that the 
 auction had been an error, not only because Money First did not attend, but 
 also because a new Notice of Sale had not been issued. The master vacated the 
 sale and refunded Westbury his earnest money. When the property was properly 
 auctioned in July 1999, Westbury was present but did not place the highest bid; 
 therefore he did not obtain the property. 
In February 2001, Westbury brought a violation 
 of legal sale action against Dorchester County and Patrick Watts, the master 
 who conducted the sale. Following a hearing where Westbury acted as his own 
 counsel, the trial court issued an order granting summary judgment to the county 
 and to the master. Westbury appeals.
ISSUES 
 [2]  

1) Did the trial court err in finding that the master 
 was entitled to judicial immunity? 
(2) Did the trial court err in granting summary 
 judgment to the master?

ANALYSIS 
 [3]  
Summary judgment is appropriate where there is 
 no genuine issue of material fact and it is clear the moving party is entitled 
 to a judgment as a matter of law.  Rule 56(c), SCRCP. In determining whether 
 any triable issues of fact exist, the evidence and all reasonable inferences 
 therefrom must be viewed in the light most favorable to the non-moving party.  
 Osborne ex rel. Osborne v. Adams, 346 S.C. 4, 7, 550 S.E.2d 319, 321 
 (2001). An appellate court reviews the grant of summary judgment under the same 
 standard applied by the trial court.  George v. Fabri, 345 S.C. 440, 
 451, 548 S.E.2d 868, 873 (2001).
The trial court ruled that the master was acting 
 within his official capacity and was therefore entitled to judicial immunity. 
 We agree. Judicial immunity is a longstanding legal principle. See McEachern 
 v. Black, 329 S.C. 642, 647, 496 S.E.2d 659, 661 (Ct. App. 1998) (Judicial 
 immunity is one of the fundamental pillars upon which the modern system of justice 
 was built.). That principle is statutory and is also recognized at common law. 
 Williams v. Condon, 347 S.C. 227, 246, 553 S.E.2d 496, 506 (Ct. App. 
 2001). Judicial immunity affords absolute immunity from suit. Therefore, a 
 finding of judicial immunity renders a complaint alleging judicial misconduct 
 meritless. McEachern, 329 S.C. at 647, 496 S.E.2d at 661 (citation omitted).  
 However, judicial immunity will not protect judicial officers if they act without 
 any jurisdiction, or if their act is not a judicial one, or if the suit is seeking 
 exclusively prospective, injunctive relief. Id. at 648, 496 S.E.2d at 
 662. 
Here, the master was acting within his official 
 capacity when he mistakenly allowed the auction to proceed on the wrong date 
 and without proper notice. And he was acting within his official capacity when 
 he vacated the sale. Therefore, his actions were well within the limits of his 
 jurisdiction. Westbury seems to argue that the master should be liable because 
 the master made a mistake. But a master would be absolutely immune from liability 
 for his judicial acts even if his exercise of authority [was] flawed by the 
 commission of grave procedural errors. Id. at 649, 496 S.E.2d at 663. 
 The trial court was correct in granting summary judgment to the master.
AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

 
 [1] The original date was March 1, but the master 
 had changed it to April 5.

 
 [2] Westbury raises the following issues: (1) Did 
 the trial judge err in finding [the master was] employed by Dorchester County? 
 (2) Did the trial judge err in finding that [the master was] paid by Dorchester 
 County tax dollars of $52,593? (3) Exhibits 1, 2, 3, 4 and 5. Since Westbury 
 seeks a reversal of the summary judgment as to the charge of appellant as 
 listed in [the] complaint, we adopt Dorchesters articulation of the issues.   
 

 
 [3] The trial court granted summary judgment to both 
 the master and the county. In his brief, Westbury mentions that Dorchester 
 County has an employee named Judge Patrick Watts, (the master). But that 
 declaration is a mere statement of fact, not an argument. Since Westbury presented 
 no substantive argument against the judges ruling concerning Dorchester County, 
 he is considered to have waived that issue on appeal. See Gold Kist, 
 Inc. v. Citizens and S. Natl Bank of South Carolina, 286 S.C. 272, 275, 
 333 S.E.2d 67, 70 (Ct. App. 1985) (ruling that issues not argued in the appellants 
 brief are deemed abandoned on appeal). Therefore, we limit our analysis to 
 the summary judgment concerning the master.