THIS OPINION
 HAS NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In the Matter
 of the Care and Treatment of Derrick D. Swinney, Appellant.
 
 
 

Appeal From Darlington County
 J. Michael Baxley, Circuit Court Judge
Unpublished Opinion No. 2008-UP-156
Submitted March 3, 2008  Filed March 12,
 2008   
AFFIRMED

 
 
 
 Appellate Defender LaNelle C. Durant, South Carolina Commission,
 of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Attorney General Deborah R. J. Shupe, Assistant
 Attorney General Brandy A. Duncan, all of Columbia; for Respondent.
 
 
 

PER CURIAM: Derrick D. Swinney appeals his commitment
 to the South Carolina Department of Mental Health (the Department) as a
 sexually violent predator.  We affirm.[1]
FACTUAL /
 PROCEDURAL BACKGROUND
On November 29, 1999, Swinney pled guilty
 to criminal sexual conduct.  He was sentenced to imprisonment for a period of
 five years.  
Prior
 to Swinneys scheduled release from prison, his case was referred to the
 sexually violent predator multi-disciplinary team.[2]  The multi-disciplinary team
 reviewed Swinneys case, determined he satisfied the definition of a sexually
 violent predator as provided in the Sexually Violent Predator Act (the Act),[3] and forwarded the case to the
 prosecutors review committee.[4]  The prosecutors review committee reviewed the case and agreed there
 was probable cause to believe Swinney satisfied the criteria for commitment
 under the Act.[5] 
 The State subsequently filed a petition in circuit court to commit Swinney to
 the Department for care and treatment as a sexually violent predator.[6]  After a hearing,[7] the trial court held probable cause
 existed to find Swinney met the criteria for commitment and ordered a mental
 health evaluation by Dr. Pamela Crawford.  Dr. Crawford evaluated
 Swinney and concluded he did not meet the criteria for commitment under the
 Act.  The trial court, therefore, dismissed the States petition without
 prejudice.  
Swinney
 was released to community supervision on December January 29, 2004.  Subsequent
 to his release, Swinneys community supervision was revoked because he failed
 to attend sex offender counseling and failed to comply with a home detention
 order.  In addition, in May 2005, Swinney was charged with criminal
 sexual conduct, assault and battery of a high and aggravated nature, and
 kidnapping.  
On September
 6, 2005, relying in part on events occurring after Swinneys release from
 prison, the State filed its second petition to have Swinney confined to the
 Department.  The trial court found probable cause existed to find
 Swinney was a sexually violent predator.  Again, the trial court ordered that the
 Department conduct a mental health evaluation of Swinney.  Dr. Donna Schwartz-Watts
 evaluated Swinney and concluded he met the criteria for civil commitment. 
 
The
 matter came to trial on August 2, 2006.  Prior to the start of the trial, Swinney moved to dismiss the case on the ground it was barred by the doctrine
 of res judicata.  Swinney relied on the first probable cause hearing and
 evaluation and the fact that he had no new convictions.  The trial court
 denied Swinneys motion, finding the prior predator case was dismissed without
 prejudice and the events subsequent to Swinneys release constituted a
 substantial change in circumstances that warranted the new action.  Following
 the trial courts ruling, the case proceeded to a jury trial.  
Dr. Schwartz-Watts testified for the State.  She opined
 Swinney suffers from sexual disorder not other specified that makes him
 likely to sexually assault women with whom he has a sexual relationship.   Dr.
 Schwartz-Watts stated it was her medical opinion that Swinney is predisposed to
 commit future acts of sexual violence.  She stated Swinneys history of
 substance abuse, history of sexual violence, resistance to seek treatment, refusal
 to admit his offending behavior, and violation of his community supervision
 influenced her opinion. She ultimately concluded Swinney met the requirements
 to be considered a sexually violent predator. 
The jury found beyond a reasonable doubt Swinney
 was a sexually violent predator.  The trial court committed Swinney to the
 Department for long-term treatment.  Swinney appeals.
LAW / ANALYSIS
I.  Res
 Judicata
Swinney argues the trial court erred in denying his motion to
 dismiss because the States second petition was barred by res judicata. 
Under
 the doctrine of res judicata, a final judgment on the merits in a prior action
 will bar the parties from initiating a second action based on the same issues.[8]  Res
 judicata requires: (1) the judgment to be final, valid, and on the merits; (2)
 the parties in the subsequent action to be identical to those in the first; and
 (3) the second action to involve matter properly included in the first action.[9]  
Swinney contends
 the initial probable cause hearing and dismissal without prejudice constituted
 a final judgment on the merits.   We disagree.
The Act provides
 that the purpose of a probable cause hearing is to determine whether probable
 cause exists to believe the person is a sexually violent predator.[10] 
 The Act further provides if the court determines probable cause exists, the
 court shall conduct a trial to determine whether the person is a sexually
 violent predator.[11]  A probable cause hearing, therefore, does not constitute a final judgment on
 the merits.  Instead, a probable cause hearing is simply a preliminary hearing
 for the purpose of determining whether probable cause exists to set the matter
 for trial on the merits.
Furthermore,
 a dismissal without prejudice does not constitute a final adjudication on the
 merits. [12]  
Here,
 the trial court dismissed the States initial petition without prejudice after
 a probable cause hearing and a mental health evaluation.  The initial action,
 therefore, did not constitute a final judgment on the merits.  Accordingly, res
 judicata did not bar the States second petition or subsequent trial.
II.  Sexually Violent
 Predator Act
Swinney also argues the trial court erred in allowing the State to
 proceed with its case because the State did not meet the required elements as
 outlined in the Act.  
A sexually violent predator is defined in the Act as a person who
 (a) has been convicted of a sexually violent offense; and (b) suffers from a
 mental abnormality or personality disorder that makes the person likely to
 engage in acts of sexual violence if not confined in a secure facility for
 long-term control, care, and treatment.[13] 
 Mental abnormality is defined as a mental condition affecting a persons
 emotional or volitional capacity that predisposes the person to commit sexually
 violent offenses.[14] 
 The phrase likely to engage in acts of sexual violence is defined as a
 propensity to commit acts of sexual violence . . . of such a degree as to pose
 a menace to the health and safety of others.[15]  
Here, Swinney
 pled guilty to criminal sexual conduct, a sexually violent offense under the
 Act.[16]  Also, the record shows evidence
 Swinney suffers from a mental abnormality or personality disorder, making him
 likely to engage in additional acts of sexual violence.  As set forth above,
 Dr. Schwartz-Watts testified Swinney suffers from sexual disorder not other specified, which predisposes him to commit future
 acts of sexual violence.  Dr. Schwartz-Watts further opined Swinney met the
 criteria for commitment under the SVP Act. Accordingly, Swinneys civil
 commitment is
AFFIRMED. 
HEARN, C.J., PIEPER, JJ., and GOOLSBY,
 A.J., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  See S.C. Code Ann. § 44-48-40(A)(1)
 (Supp. 2006).
[3]  S.C. Code Ann. § 44-48-10 et seq. (Supp. 2006).
[4]  See S.C. Code Ann. § 44-48-50 (Supp.
 2006).
[5]  See S.C. Code Ann. § 44-48-60 (Supp.
 2006).
[6]  See S.C. Code Ann. § 44-48-70 (Supp.
 2006). 
[7]  See S.C. Code Ann. § 44-48-70 (Supp.
 2006).
[8]  Garris v. S.C. Reinsurance Facility, 333 S.C. 432, 449, 511 S.E.2d 48, 57
 (1999).  
[9]  Town of Sullivans Island v. Felger, 318 S.C.
 340, 344, 457 S.E.2d 626, 628 (Ct. App. 1995).
[10]  S.C. Code Ann. § 44-48-80(B)(3) (Supp. 2006).
[11]  S.C. Code Ann. § 44-48-90 (Supp. 2006).
 
[12]  See McEachern v. Black, 329 S.C.
 642, 651, 496 S.E.2d 659, 663 (Ct. App. 1998); see also  Collins
 v. Sigmon, 299 S.C. 464, 467, 385 S.E.2d 835, 837 (1989) (stating when an
 action is dismissed without prejudice, a plaintiff can reassert the same causes
 of action by curing defects that led to the dismissal).
[13]  S.C. Code Ann. § 44-48-30(1)
 (Supp. 2006).   
[14]  S.C. Code Ann. §
 44-48-30(3).   
[15]  S.C. Code Ann. § 44-48-30(9).
[16]  See SC. Code Ann. § 44-48-30 (2)(b).