ELIZABETH E. WOOD *v.* THOMAS H. LATHROP ET AL

5-5359                                                    459 S. W. 2d 808

Opinion delivered November 9, 1970
[Rehearing denied December 14, 1970.]

*Ulys A. Lovell* and *Putman, Davis* and *Bassett,* for appellant.

*Crouch, Blair, Cypert & Waters,* for appellees.

GEORGE ROSE SMITH, Justice. Edwin Hawley, the appellant's stepfather, was married at least twice. After the death of his wife Beatrice (the appellant's mother), Hawley agreed to make a will leaving to the appellant an undivided half interest in a certain lot in Springdale. Later on, however, Hawley and his wife Harriet, whom he had married after the date of his agreement with the appellant, conveyed the lot to Thomas H. and Dorothy E. Lathrop, appellees. The Lathrops brought this suit against the appellant, Mrs. Wood, to quiet their title to the property. This appeal is from a summary judgment in favor of the Lathrops. The ultimate question is whether it is an undisputed fact, as the chancellor found, that the Lathrops took the title free of any claim on the part of Mrs. Wood.

The facts, as developed in the motions for summary judgment, are of controlling importance. Edwin and Beatrice Hawley owned the lot as tenants by the entirety at Beatrice's death on March 19, 1963. Mrs. Wood asserted a claim to the lot and to other property,

by virtue of an antenuptial agreement between Edwin and Beatrice Hawley. The matter was settled by Hawley's agreement that he would execute a will leaving an undivided half interest in the lot to Mrs. Wood.

Thereafter Edwin Hawley married Harriet Hawley, now an appellee. On March 14, 1964, Edwin and Harriet Hawley created a tenancy by the entirety in the lot by conveying it to Doris Hilburn, who reconveyed it to them on the same day. Those deeds were recorded on March 16, 1964.

In August, 1965, Mrs. Wood brought a suit in the Washington chancery court, No. 17215, against Edwin Hawley, asserting certain property rights. That suit terminated on February 8, 1966, with the entry of a consent decree which directed Edwin Hawley to execute a will leaving the agreed half interest to Mrs. Wood. On the day after the entry of the consent decree a lis pendens notice was filed by Mrs. Wood. On the following day, February 10, Edwin Hawley executed a will in compliance with the decree. That will was filed for record in the county recorder's office on February 24, 1966.

By a deed dated July 3, 1967, and recorded November 22, 1967, Edwin and Harriet Hawley conveyed the lot to the Lathrops. On December 1, 1967, the Lathrops filed this suit against Mrs. Wood, asking that the consent decree and the lis pendens notice be canceled as clouds on the Lathrops' title and that the title to the lot be quieted in them. By cross-complaint Mrs. Wood brought Edwin and Harriet Hawley into the case. Mrs. Wood asked that the Lathrops be declared trustees of a constructive trust to the extent of Mrs. Wood's half interest in the lot, and, alternatively, that Mrs. Wood have a money judgment against Edwin Hawley for $7,500 as the fair market value of the half interest in the lot. Edwin Hawley died on August 20, 1968, while the suit was pending. Harriet Hawley, as his administratrix, was substituted for him as a cross defendant.

Both Mrs. Wood and the Lathrops filed motions for summary judgment, setting forth the facts substantially as we have outlined them. We may say at this point that we do not agree with the appellees' contention that a party who files a motion for summary judgment after his adversary has filed such a motion thereby concedes that no material issue of fact exists in the case. That argument is opposed both to reason and to authority. When such cross motions are filed each movant is contending for the purpose of his own motion that there is no material issue of fact in the case, but there is no reason at all to say as an inflexible rule that he also admits the nonexistence of any factual issue with respect to his adversary's motion. Our summary judgment statute was copied from Rule 56 of the Federal Rules of Civil Procedure, with respect to which this statement is made in Barron and Holtzoff's Federal Practice & Procedure, § 1239 (Wright's Ed., 1958):

> The fact that both parties have moved for summary judgment does not establish that there is no issue of fact. A party may concede that there is no issue if his legal theory is accepted and yet maintain that there is a genuine dispute as to material facts if his opponent's theory is adopted. Thus, both motions should be denied if the court finds that there is actually a genuine issue as to a material fact.

The chancellor, in granting the Lathrops' motion for summary judgment, stated his reasoning in a memorandum that is paralleled here by the arguments in the appellees' brief. That reasoning accepts the premise that the contract between Edwin Hawley and Mrs. Wood, being valid, would be binding upon Hawley's successors in title unless they were transferees for value and without notice. That is unquestionably a correct statement of the law. See *Naylor* v. *Shelton,* 102 Ark. 30, 143 S. W. 117, Ann. Cas. 1914A, 394, with annotation (1912); Page on Wills, § 10.23 (Bowe-Parker Ed., 1960).

The question, then, is whether the Lathrops are entitled to the protection accorded to bona fide purchasers.

It was asserted by Mrs. Wood in her unverified counter-claim, and has not yet been denied, that the Lathrops had both actual and constructive notice of Mrs. Wood's contractual rights when the Lathrops acquired the lot from the Hawleys. In view of the assertion that the Lathrops had actual notice we need not explore the validity of constructive notice stemming from the consent decree, or from the lis pendens notice filed a day after the entry of that decree, or from the recordation of Hawley's will in the circuit clerk's deed records. Such sources of constructive notice would of course be immaterial if the Lathrops had actual notice of Mrs. Wood's claim.

The chancellor, in his memorandum, laid aside the whole matter of the Lathrops' actual or constructive notice; for he concluded that their position as successors in title to Harriet Hawley was unassailable. We quote from his memorandum:

> There is nothing in the record now before the court even faintly suggesting that Harriet was not an innocent and unknowing participant in this whole affair. It is true that, according to [Mrs. Wood's] affidavit in support of her motion for summary judgment, her agreement with Edwin Hawley to be a devisee in his will was made *after* her mother, Beatrice Hawley, died, and *before* Edwin married Harriet, and thus, necessarily, *before* Harriet became a tenant by the entirety by the deed from Doris Hilburn to her and Edwin.

> But, there is no record of this agreement in any form which would convey notice to anyone, and especially to Harriet, before she became owner as tenant by the entirety, nor is it alleged that she had any notice. As far as this record is concerned, the first time Harriet could have had notice was at the time of filing of suit by defendant (as plaintiff) against Edwin Hawley, in cause No. 17215, in which the existence of the agreement was alleged, found to be a fact, and Edwin Hawley ordered to

fulfill it. But at this time, Harriet's rights as a tenant by the entirety had become fixed.

In the absence of knowledge by Harriet of the agreement between Edwin and Mrs. Wood, and not being a party to case No. 17215, where any charge upon her interest in the property, and her privity with her husband could properly have been litigated, but was not, the decree of the court, and Edwin's will pursuant thereto, did not limit the quality of her tenancy by the entirety. She was free to join her husband in the deed to plaintiffs, effectively to convey to them her interest in the property, unsullied and undiluted by Edwin's will. In the immutable course of events, Edwin did die before Harriet. Had there been no conveyance to anyone, or knowing, as she must have, of the decree in No. 17215, upon Edwin's death, Harriet's sole title would have been complete, with no charge laid upon it by Edwin's will. The Lathrops stand in as good a position.

Thus the chancellor reasoned that, even if Edwin and Harriet Hawley had not conveyed the lot to the Lathrops, Harriet would have eventually acquired a perfect title, as the surviving tenant by the entirety, owing to two circumstances in her favor: First, Harriet had no notice of Mrs. Wood's contract when Harriet became a tenant by the entirety by virtue of the Doris Hilburn deed; and, second, Harriet was not made a party to the suit in which Mrs. Wood obtained a consent decree giving effect to her contract with her stepfather, Edwin Hawley.

We are unable to attach to either circumstance such an immunizing effect as to place Harriet Hawley in the position of a bona fide purchaser. It is fundamental that a bona fide purchaser must not only take the property without notice but must also give value. *Cramer* v. *Remmel,* 132 Ark. 158, 200 S. W. 811 (1918). There is no indication in the record that Mrs. Hawley was other than a volunteer in the straw-man transac-

tion with Doris Hilburn. There is a possibility, of course, that Mrs. Hawley paid her husband for the creation of the estate by the entirety, but no such suggestion has yet been made in this case.

The second circumstance—Mrs. Wood's failure to join Harriet Hawley as a party to the suit against Edwin Hawley—is somewhat more involved.

To begin with, we point out that the doctrine of merger, by which a cause of action merges into a judgment, is not applicable. That doctrine applies to money judgments only. The reason for its inapplicability to a situation such as this one is fully stated in the Restatement of Judgments, § 46 (1942):

Where a plaintiff obtains an equitable decree against the defendant by which the defendant is directed to do an act other than to pay money, the plaintiff's claim is not merged in the decree. A plaintiff who has obtained a judgment for the payment of money, either in an action at law or in a suit in equity, can maintain an action upon the judgment or decree (see § 47). Where, however, by a decree in equity the defendant is directed to do something other than to pay money, the plaintiff cannot maintain an action on the decree, either in the same State or in another State. He cannot maintain an action at law on the decree where it is not for the payment of money; no debt is created, as it is in the case of a judgment or decree for the payment of money. Moreover, a suit in equity will not lie on the decree.

Since the original cause of action is not merged in a decree in favor of the plaintiff which is not a decree for the payment of money, the plaintiff is not thereby precluded by the doctrine of res judicata from maintaining an action at law or a suit in equity upon the original cause of action.

The avoidance of a merger is peculiarly appropriate in a case such as this one, for a suit against the promisor

is often not in itself an adquate remedy upon a contract to make a will. It may later be necessary to enforce the contract by a seizure of the property, through the device of a constructive trust, when it is discovered after the promisor's death either that he did not make the promised will at all or that he revoked it in violation of his agreement or of the court order. Annotation 31 Ann. Cas. 403 (1914).

There being no merger, Mrs. Wood's cause of action was not limited to a mere enforcement of the decree by which the chancery court directed Hawley to execute a will in Mrs. Wood's favor. She was entitled to bring an action upon the original agreement, to recover the property from anyone not occupying the position of a bona fide purchaser.

The remaining question, then, is whether Mrs. Wood is barred from recovering her interest in the lot by reason of her failure to make Harriet Hawley a party to the suit against Edwin Hawley. We have no hesitancy in holding that omission not to be fatal. All that Mrs. Wood needed to do at that time was to strengthen and confirm her oral contract by transforming it into a permanent judgment in a court of record. There is no suggestion that Mrs. Hawley was asserting any claim hostile to Mrs. Wood's rights under her contract with her stepfather. No statute of limitations had begun to run, for Mrs. Wood had no claim during Edwin Hawley's lifetime either to the title or to possession of the lot in question. In fact, it is difficult to see what matured cause of action Mrs. Wood could have asserted against Mrs. Hawley had Mrs. Hawley been joined as a defendant in the case. Certain it is that Mrs. Hawley was not misled or prejudiced in any way by the omission!

We conclude that the Lathrops' claim of title through Mrs. Hawley, in the absence of proof that Mrs. Hawley was a bona fide purchaser, does not entitle the Lathrops to a summary judgment. Their own position as bona fide purchasers depends upon whether they gave value for the property, which has not yet been alleged,

and whether they took without actual or constructive notice of Mrs. Wood's rights, which is a disputed issue of fact. Hence both motions for summary judgment should have been overruled.

Reversed and remanded for further proceedings.