Joe McCUTCHEN *v.* J. Fred PATTON *et al.*

99-718                                    10 S.W.3d 439

Supreme Court of Arkansas
Opinion delivered February 10, 2000

*Oscar Stilley*, for appellant.

*Daily & Woods, P.L.L.C.*, by: *Jerry L. Canfield* and *Leigh M. Chiles*, for appellees.

LAVENSKI R. SMITH, Justice. Appellant Joe McCutchen appeals a summary judgment entered by the Sebastian County Chancery Court dismissing his complaint. McCutchen

filed suit against appellees J. Fred Patton, the City of Fort Smith, and Mayor Ray Baker. McCutchen alleged that the appellees illegally created a city agency and improperly appropriated city funds for use by that agency. The appellees contended in response that the entity in question, known as the "Multi-Ethnic Committee," was not a department or other city agency comprehended within Ark. Code Ann. §14-48-124 (Repl. 1998). Jurisdiction lies with this court pursuant to Ark. Sup. Ct. R. 1-2(a)(8). We affirm.

## Facts

Sometime in 1998, Mayor Baker created and appointed members to an advisory committee identified as the "Multi-Ethnic Committee." On December 28, 1998, appellant filed the instant action. The appellees responded by answer on January 15, 1999. Following their answer, the appellees filed a motion to dismiss supported by affidavits on January 20, 1999. Appellant filed a response to the dismissal motion and filed a cross-motion for summary judgment on his own behalf. The trial court treated appellees' motion to dismiss as a motion for summary judgment and granted appellees' motion by order entered March 4, 1999. Appellant timely filed a notice of appeal. On appeal, McCutchen contends that the trial court erred in its construction of Ark. Code Ann. §14-48-124.

## Standard of Review

The parties filed opposing motions for summary judgment and thus, in essence, agreed that there are no material facts remaining. Summary judgment, therefore, was an entirely appropriate means for resolution of this case. As we have oft stated, summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Mashburn v. Meeker Sharkey Financial Group, Inc.*, 339 Ark. 411, 5 S.W.3d 469 (1999). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file,

together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ark. R. Civ. P. 56; *Estate of R. Donley v. Pace Indus.*, 336 Ark. 101, 984 S.W.2d 421 (1999).

### Committee as an Agency of the City

In that no facts are in question, the only issue is whether one party was entitled to judgment as a matter of law. The disposition of the case thus depends upon the meaning of Ark. Code Ann. § 14-48-124 [Creation of new departments, etc.] which controls the creation of "Departments, offices, employments, boards, authorities, commissions and agencies...." The statute provides, in pertinent part, as follows:

> (a)(1) The board of directors may from time to time, by ordinance, create, reorganize, or abolish, except as provided in § 14-48-102, any municipal departments, offices, employments, boards, authorities, commissions, and agencies and fix the term of employment and compensation of each appointee.

> (2) The city administrator, with the approval of the board, shall appoint the personnel to serve in the departments, offices, employments, boards, authorities, commissions, and agencies.

> (b)(1) The board also in the exercise of its discretion, by ordinance, may consolidate the office of the city treasurer with the office of the city clerk or such other department, office, or position as the board, by ordinance, may charge with the responsibility of administering the financial affairs of the city.

Appellant contends that the statute applies to the Multi-Ethnic Committee. Appellant asserts that the mayor could not lawfully create the committee because subsection (a) of the statute only authorizes the city board of directors, by ordinance, to establish new subdivisions of city government.

We have not previously interpreted this statute. When interpreting a statute we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Green v. Mills*, 339 Ark. 200, 5 S.W.3d 493 (1999). In order for the statute to apply to the Multi-Ethnic Committee, the committee

must be shown to constitute a subdivision of city government listed in subsection (a)(1).

Based on the proof submitted below, we hold that the trial court correctly granted appellees' motion for summary judgment. The evidence, even when viewed in a light most favorable to the appellant, shows that the committee is not an entity covered by this statute. Appellees submitted affidavits of Kara Bushkuhl, Ray Baker, Cynthia Remler, and a copy of City Board Resolution No. R-10-99 attached to their motion to dismiss. Bushkuhl, Director of Finance for the City of Fort Smith, stated that the Board of Directors appropriated $20,000 related to the Multi-Ethnic Committee but that neither the mayor nor any other appellee had authority to authorize the expenditure of the funds. Mayor Baker stated that he has on other occasions sought input from citizens through advisory committees including the "Community Crime Task Force," and the "Water Supply Task Force." He stated that the Board of Directors were advised of the committee as early as 1995. He indicated that the committee is an advisory group intended to give citizen input on health, safety, and welfare issues related to multiple ethnic groups. City Board Resolution No. R-10-99 acknowledged and commended the mayor for seeking community input. It further stated that no funds had been expended nor was there any "currently identified project for the expenditure of the appropriated funds."

In response, the appellant submitted no affidavit, document, discovery response, or other proof but relied entirely upon legal argument and conjecture based upon the appellees' factual submissions and appellant's interpretation of subsection (a)(1). The appellant failed to provide any evidence that the Multi-Ethnic Committee constituted anything other than a mere citizen advisory group with no authority to officially act on behalf of the city or expend its resources. Given the undisputed facts, we cannot say the trial court erred in granting appellees' motion for summary judgment.

Affirmed.