Crystal RYDER *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. and Ronald Froud

07-448                                                    268 S.W.3d 298

Supreme Court of Arkansas
Opinion delivered November 15, 2007

*Nolan, Caddell & Reynolds, P.A.,* by: *Bill G. Horton,* for appellant.

*Brian Wood*, for appellee.

*Brian G. Brooks*, for amicus curiae Arkansas Trial Lawyers Association.

ROBERT L. BROWN, Justice. Appellant Crystal Ryder and Ronald Froud were involved in an automobile accident in Washington County on March 7, 2005.[1] Ryder later filed a complaint against Froud and alleged that Froud had operated his automobile in a negligent manner, which caused the accident and resulted in property damage and personal injury to Ryder.

On August 4, 2006, Ryder filed a motion to approve a proposed settlement, in which Ryder stated that she and Froud had reached a settlement in the amount of $15,000. The motion stated that State Farm Mutual Automobile Insurance Company ("State Farm"), Ryder's automobile insurance carrier, claimed an interest in the settlement proceeds due to its payment of $5,000 in medical benefits on Ryder's behalf. The motion further stated that the proposed settlement amount between Ryder and Froud did not make Ryder whole. State Farm subsequently filed a motion to enter appearance for the purpose of determining its "subrogation rights" and asserted that it was entitled to reimbursement for the $5,000 it paid in medical payments coverage on behalf of Ryder, less the cost of collection.

This was followed by Ryder's amended motion to approve the settlement and for a declaratory judgment in which Ryder claimed that State Farm had no right to be reimbursed for the amount of medical benefits it had paid because she had not been made whole. She further asserted that State Farm was guilty of bad faith by attempting to avoid liability under the insurance policy that it had issued to her. Ryder then filed a motion for partial summary judgment and argued that there was no genuine issue of material fact that she would not be made whole by the $15,000 settlement. In that motion, she asked the circuit court to rule that State Farm's lien against that settlement amount was unenforceable.

---

[1] The circuit court's order contains a caption that lists Ronald Froud as the only defendant. However, the record in this case lists State Farm as an appellee, and State Farm is the only appellee to file a brief with this court.

State Farm answered and filed its own motion for summary judgment, stating that there were no genuine issues of material fact regarding State Farm's right of reimbursement and that the made-whole doctrine did not apply to claims made under Arkansas Code Annotated § 23-89-207. State Farm further alleged that it had agreed to allow Ryder to be paid the sum of $2,000 for her proportional share of the cost of collection but that it was entitled to the remaining $3,000.

Following a letter opinion, the circuit court issued its order on January 25, 2007, in which it granted State Farm's motion for summary judgment. In that order, it dismissed Ryder's motion for partial summary judgment as well as her amended motion to approve the proposed settlement and her motion for a declaratory judgment. The circuit court determined that State Farm was asserting its right of reimbursement under § 23-89-207 against Ryder and was not making a claim for subrogation. The circuit court additionally ruled that the statutory right of reimbursement under § 23-89-207 was different from a claim of subrogation and that the made-whole doctrine did not apply to these circumstances. The circuit court found, as a final point, that State Farm's assertion of its right to be reimbursed was not in bad faith and that State Farm was entitled to the $3,000 in dispute.

Ryder first contends in her appeal that the circuit court erred in ruling that State Farm's claim for reimbursement under § 23-89-207 was not a claim for subrogation. She further argues that the circuit court erred in deciding that the made-whole doctrine does not apply to claims made under § 23-89-207, and that because she was not made whole in the settlement, State Farm's lien against the settlement proceeds is unenforceable. Ryder urges in support of this argument that previous cases involving the construction of § 23-89-207 have considered a claim for reimbursement under this section to be a claim for subrogation. Ryder asserts, in addition, that there is no difference between subrogation arising by statute, as in this case, or arising under the terms of an insurance policy, and that even in cases of subrogation arising by statute, equitable principles, such as the made-whole doctrine, apply. She insists that a repayment claim for benefits paid, whether based on the terms of an insurance policy or by statute, is a claim for subrogation and that the made-whole doctrine is applicable.

This court's standard of review for the grant of a motion for summary judgment is as follows:

A party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" on the issue set forth in the party's motion. Ark. R. Civ. P. 56(c)(2) (2007). The burden of proving that there is no genuine issue of material fact is upon the moving party. *Windsong Enterprises, Inc. v. Upton*, 366 Ark. 23, 233 S.W.3d 145 (2006). On appellate review, we must determine whether summary judgment was proper based on whether the evidence presented by the moving party left a material question of fact unanswered. *Id.* This court views the proof in the light most favorable to the party resisting the motion, resolving any doubts and inferences against the moving party, to determine whether the evidence left a material question of fact unanswered. *Id.*

*Price v. Thomas Built Buses, Inc.*, 370 Ark. 405, 407-08, 260 S.W.3d 300, 303 (2007).

The statute at issue in this case, § 23-89-207, provides in part:

(a) Whenever a recipient of benefits under § 23-89-202(1) and (2) recovers in tort for injury, either by settlement or judgment, the insurer paying the benefits has a right of reimbursement and credit out of the tort recovery or settlement, less the cost of collection, as defined.

. . . .

(c) The insurer shall have a lien upon the recovery to the extent of its benefit payments.

Ark. Code Ann. § 23-89-207(a) and (c) (Repl. 2004) (amended 2005). Section 23-89-202 requires that all automobile liability insurance policies provide minimum medical and hospital benefits pursuant to subsection (1), income disability benefits pursuant to subsection (2), and accidental death benefits pursuant to subsection (3) to insured parties without regard to fault. *See* Ark. Code Ann. § 23-89-202 (Repl. 2004).

State Farm contends, and the circuit court agreed, that under these statutes, it has an absolute right of reimbursement, less cost of collection, for the medical benefits it paid on behalf of Ryder as well as a statutory lien to the extent it made benefit payments. The carrier contends, nevertheless, that this statutory right to reim-

bursement is not subrogation. Hence, whether the right to reimbursement pursuant to § 23-89-207 is subrogation is an issue we must first resolve.

██  This court has defined subrogation as follows:

> Subrogation is the substitution of one party for another. The party asserting subrogation is making a demand under the right of another. Subrogation is a normal incident of indemnity insurance. That is to say that because insurers pay the obligations to their insureds, a right in equity to subrogation in the insurer arises. This assures against unjust enrichment by way of double recovery.

*Southern Farm Bureau Casualty Ins. Co. v. Tallant*, 362 Ark. 17, 22-23, 207 S.W.3d 468, 471 (2005) (internal citations omitted). A right to subrogation arises by convention in cases in which the insurance policy or contract contains a subrogation provision. *See Tallant, supra.* Legal or equitable subrogation arises by operation of law based on the facts or underlying circumstances of the case. *See id.* Subrogation rights may also arise by statute. *See id.* In *Daves v. Hartford Accident & Indemnity Company*, 302 Ark. 242, 248, 788 S.W.2d 733, 736 (1990), this court said the right of reimbursement under § 23-89-207 "is in the nature of subrogation," and that "[t]he underlying principle of subrogation rights is to avoid double recovery by the insured."[2] We further note that in State Farm's motion to enter an appearance, it did so "for the purpose of determining State Farm's subrogation rights." We hold, therefore, that the right to reimbursement under § 23-89-207 is a right to subrogation vested in the insurer that is established by statute.

The general rule regarding the right to subrogation is that "an insurer is not entitled to subrogation unless the insured has been made whole for his loss . . . ." *Shelter Mutual Ins. Co. v. Bough*, 310 Ark. 21, 28, 834 S.W.2d 637, 641 (1992). This court has explained that "the insurer should not be precluded from employing its right of subrogation when the insured has been fully compensated and is in a position where the insured will recover twice for some of his or her damages." *Id.*

The *Bough* case involved the same statutory lien as that involved in the instant case, and the issue was whether this statute

---

[2] In *Daves, supra,* this court held that the insurer was entitled to reimbursement from the insured's settlement proceeds for the amount the insurer had paid in benefits to the insured. Whether the insured had been made whole was not at issue in that case.

created a right to subrogation. In analyzing the application of § 23-89-207, we considered the statute as one that provides subrogation rights for the insurer subject to the made-whole doctrine:

> Although we have no criticism of the cases cited by Bough, the rule limiting the insurer's right to subrogation in those cases is not applicable to the facts here. The equitable nature of subrogation is granted an insurer to prevent the insured from receiving a double recovery. Thus, while the general rule is that an insurer is not entitled to subrogation unless the insured has been made whole for his loss, the insurer should not be precluded from employing its right of subrogation when the insured has been fully compensated and is in a position where the insured will recover twice for some of his or her damages. That is the situation here.

310 Ark. at 28, 834 S.W.2d at 641.

In *Franklin v. Healthsource of Arkansas*, 328 Ark. 163, 942 S.W.2d 837 (1997), this court expanded the use of the made-whole doctrine and held that an insurer is not entitled to subrogation unless the insured has been fully made whole, regardless of whether the insurance contract between the insurer and insured expressly gave the insurer a right of subrogation for benefits paid.

Later, in *General Accident Ins. Co. of America v. Jaynes*, 343 Ark. 143, 33 S.W.3d 161 (2000), this court invoked *Bough, supra*, and *Franklin, supra*, and held that the made-whole doctrine applies not only to equitable and conventional rights as well as statutory rights as discussed in *Bough*, but also to statutory rights of subrogation provided under Workers' Compensation statutes. In *Jaynes, supra*, an employee of J.T. Shannon Lumber Company was killed in an automobile accident while driving a truck for his employer. The employer's workers' compensation carrier, General Accident Insurance Company, paid over $100,000 in benefits to the employee's family. The employee's estate later filed a wrongful death action against the third parties responsible for the employee's death, and the parties reached a settlement whereby the defendants agreed to pay the estate $18,500. General Accident intervened and asserted that it was entitled to a first lien on two-thirds of the estate's net recovery pursuant to Arkansas Code Annotated § 11-9-410 (Repl. 1996). The circuit court ruled that General Accident's right of subrogation did not arise because the settlement amount was insufficient to make the employee's survivors whole.

General Accident appealed, and this court affirmed the ruling of the circuit court. In doing so, we referred specifically to § 23-89-207 and said:

> First, we point out that this court premised its decision in *Franklin* on its holding in *Shelter Mutual Insurance Co. v. Bough*, 310 Ark. 21, 834 S.W.2d 637 (1992), where an insurer sought subrogation in return for its payment to its insured for no-fault medical and wage-loss benefits under Ark. Code Ann. § 23-89-202(1) and (2) (Repl. 1991). As in the instant case, the insurer's right to subrogation was statutory. Ark. Code Ann. § 23-89-207 (Repl. 1991) provides as follows:
>
>> (a) Whenever a recipient of § 23-89-202(1) and (2) benefits recovers in tort for injury, either by settlement or judgment, the insurer paying the benefits has a right of reimbursement and credit out of the tort recovery or settlement, less the cost of collection, as defined.
>>
>> . . . .
>>
>> (c) The insurer shall have a lien upon the recovery to the extent of its benefit payments.
>
> Although the insurer's subrogation lien right in *Bough* was established by the General Assembly, the *Bough* court held the insurer's right to subrogation did not arise until the insured was made whole. That same rationale applies to the situation before us now.

*Jaynes*, 343 Ark. at 152, 33 S.W.3d at 166.

Similar to the carriers in *Bough* and *Jaynes*, the insurer in the instant case, State Farm, maintains that because it has been afforded a statutory lien by the General Assembly pursuant to § 23-89-207, its right of reimbursement is not conditioned upon whether the insured, Ryder, has been made whole. We disagree with State Farm.

In a typical insurance scenario, the insured pays premiums to the insurer to assume risks. If the insurer is entitled to reimbursement of the benefits it previously paid to the insured after the insured receives a settlement from a third-party tortfeasor

but has still not been made whole, then a windfall is created for the insurer because it is not being forced to assume all of the risks that it has been paid by the insured to assume. Moreover, nothing in the language of § 23-89-207 creates an exception to the general rules regarding subrogation and the made-whole doctrine. It is well settled that this court will not read into a statute a provision that was not included by the General Assembly, *see Potter v. City of Tontitown*, 371 Ark. 200, 264 S.W.3d 473 (2007), and this court will not construe a statute to yield an absurd result. *See Nabholz Constr. Corp. v. Contractors for Public Protection Ass'n*, 371 Ark. 411, 266 S.W.3d 689 (2007). We note, in addition, that the General Assembly has not seen fit to amend § 23-89-207 in response to our decisions in *Bough* in 1992 and *Jaynes* in 2000 to state that the made-whole doctrine does not apply to this statutory lien. This is an important consideration in the construction of our statutes. *See Brewer v. Poole*, 362 Ark. 1, 207 S.W.3d 458 (2005). In sum, we hold that the made-whole doctrine applies to reimbursement claims under § 23-89-207.

Ryder next claims that a genuine issue of material fact exists as to whether she was made whole by the $15,000 settlement, and, therefore, summary judgment was inappropriate. She asserts that State Farm, in its motion for summary judgment, did not show that there were no genuine fact issues because it did not address whether she had been made whole. Because State Farm did not present a sustainable motion for summary judgment under Rule 56 of the Arkansas Rules of Civil Procedure, Ryder maintains that she was not required to meet proof with proof, and that summary judgment was improperly entered for State Farm.

The fact that both Ryder and State Farm filed motions for summary judgment does not necessarily eliminate a material question of fact. *See Ison v. Southern Farm Bureau Casualty Co.*, 93 Ark. App. 502, 221 S.W.3d 373 (2006); *Wood v. Lathrop*, 249 Ark. 376, 459 S.W.2d 808 (1970). In some cases, when both parties file opposing motions for summary judgment, the parties essentially agree that no material facts are in dispute, and, therefore, summary judgment may be an appropriate means for resolution of the case. *See McCutchen v. Patton*, 340 Ark. 371, 10 S.W.3d 439 (2000). In others, our court of appeals has pointed out that "a party may concede that there is no issue if his legal theory is accepted and yet maintain that there is a genuine dispute as to material facts if his

opponent's theory is adopted." *Ison*, 93 Ark. App. at 507, 221 S.W.3d at 377; *see also Wood*, *supra* (finding that opposing motions for summary judgment must both be denied if this court finds that material facts are in dispute). That is the situation in the case before us.

■ Because we hold that the made-whole doctrine does apply to this case, it is clear that a question of fact remains as to whether Ryder was made whole by the $15,000 settlement. We remand for further proceedings to resolve that factual issue.

Reversed and remanded.