Paul E. Danielson, Justice, dissenting. . Because I believe there is a question of material fact at issue, I respectfully dissent-from the majority’s decision affirming the circuit court’s grant of summary judgment. Appellants, the Town of Lead Hill and its-various town officials (Lead Hill); argue on appeal that the circuit court erred in finding that the Wholesale Water Purchase Contract entered into with Appellee Ozark Mountain Regional Public Water Authority of the State of Arkansas (Ozark) was a valid and enforceable contract, thereby granting Ozark’s motion for summary judgment and issuing a writ of mandamus compelling the mayor and aldermen of Lead Hill to satisfy the obligations under the contract. Lead Hill argues, in part, that the circuit court erred because there is a question of fact as to whether the contract violates article 12, section 4, ,of the Arkansas Constitution. I find this argument persuasive. , The circuit court, in granting Ozark’s motion for summary judgment, concluded that none of the. defenses to the enforcement of the contract raised by Lead Hill constituted valid legal defenses, to the enforcement of the water-purchase contract. According to the circuit court, there.were ■no genuine issues of material fact, and Ozark was thus entitled to judgment as a matter of law. Although the circuit court did not specifically address Lead Hill’s article 12, section 4 argument, it clearly rejected each of the contract defenses advanced by Lead Hill. In arguing that the court erred in granting summary judgment, Lead Hill asserts that its contract with Ozark is void and unenforceable because article 12, section 4, of the Arkansas Constitution prohibits a city from entering into a contract that is in excess of the city’s annual revenue. According to Lead Hill, under the terms of its contract with Ozark, it is obligated to pay a minimum monthly charge to Ozark that results -in a total obligation of $2.25 million, an amount that far exceeds the town’s annual revenue of approximately $360,000. Thus, Lead Hill argues that under article 12, section 4, and this court’s case law interpreting that provision, it is clear that its contract with Ozark is void and unenforceable. Article 12, section 4 provides in relevant part as follows: The fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis,' and no county court or levying board or agent of any county shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made. This provision was added to article 12, section 4 by amendment 10, which was approved'-by the people of Arkansas in the 1924 general election and declared adopted by a special supreme court in Brickhouse v. Hill, 167 Ark. 513, 268 S.W. 865 (1925). The thrust of amendment 10 was to limit the fiscal affairs of counties, cities, and towns. Purvis v. City of Little Rock, 282 Ark. 102, 129-A, 669 S.W.2d 900 (1984) (supplemental opinion on denial of rehearing). It is quite clear from the plain language of article 12, section 4, that a town such as Lead Hill may not authorize a contract that exceeds the town’s annual revenue. It is irrelevant that the contract included a provision purporting to prohibit Lead Hill from guaranteeing the obligations under the contract with its full faith and credit and designating that the purchase price be paid from revenue generated through the sale of Ozark’s water, because Lead Hill is obligated to pay a minimum monthly charge of between $4,687 and |22$5,540 regardless of whether it generates sufficient revenue from the sale of the water. Moreover, there is no provision allowing Lead Hill to terminate the contract if, for instance, the revenue it generates from the sale of Ozark’s water is insufficient to cover the minimum monthly amóunt owed to Ozark. On appellate review,, this court must determine whether summary judgment was proper based on whether the evidence presented by the moving party left a material question of fact unanswered. Ryder v. State Farm Mut. Auto. Ins. Co., 371 Ark. 508, 268 S.W.3d 298 (2007). Here, it is obvious that a material question of fact remains because the contract terms are in conflict as to whether Lead Hill must pay the minimum monthly charge to Ozark solely out of revenue generated from the sale of the water or whether the contract implicates article 12, section 4, by requiring the town to extend its full faith and credit to satisfy its contractual obligation to Ozark. For this reason, I believe it was improper for the circuit court to grant summary judgment in favor of Ozark, and I respectfully dissent.