Rhonda K. Wood, Justice, concurring in part and dissenting in part. The fluid nature of everyone’s reaction to the same-sex marriage decision and the State’s understandably evolving response to it requires this court to reverse, vacate, and remand the portion of the circuit court’s order regarding the facial and as-applied constitutional challenges to Ark. Code Ann. §§ 20-19-401 and 406. Under the prudential-mootness doctrine, which I encourage this court to adopt, a court may withhold relief based on “considerations of prudence and comity for coordinate branches of government [that] counsel the court to stay its hand, and to withhold relief it has the power to grant.” S. Utah Wilderness All. v. Smith, 110 F.3d 724, 727 (10th Cir. 1997) (citing Chamber of Commerce v. United States Dep’t of Energy, 627 F.2d 289, 291 (D.C. Cir. 1980)). In simple terms, this case is fluctuating and underdeveloped. In addition, and contrary to the majority’s view, I believe states must comprehensively review their laws so that married same-sex couples and opposite-sex couples receive the same benefits of marriage in light of the United States Supreme Court’s decision in Obergefell v. Hodges, — U.S. -, 135 S.Ct. 2584, 192 L.Ed.2d 609 (2015). I encourage the legislature to address the relevant birth-certificate statutes in the upcoming session to avoid a plethora of litigation and confusion for the courts. After all, these decisions are matters of policy that are best made by the legislative | g9branch, which has the exclusive authority to determine public policy. State Farm Mut. Auto, Ins. Co. v. Henderson, 356 Ark. 335, 342, 150 S.W.3d 276, 280 (2004). The federal court’s prudential-mootness doctrine should be adopted and applied to this case. This doctrine has “particular applicability in cases ... where the relief sought is an injunction against the government.” S. Utah Wilderness All, 110 F.3d at 727. The key consideration is whether “circumstances changed since the beginning of litigation that forestall any occasions for meaningful relief.” Id. Two key circumstances have developed since this litigation started. First, plaintiffs received relief in that the State has issued the appropriate birth certificates to them. Second, the State concedes that the relevant statutes involving determination of parentage must comply with Obergefell, including the statute governing the status of people born via artificial insemination. These developments render the majority’s decision provisional. The provisional nature of this case is enhanced by its procedural posture. The parties filed cross-motions for summary judgment. When summary judgment is sought, the circuit court must decide if “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Ark. R. Civ. P. 56(c) (2016). But this does not mean that the mere existence of cross-motions for summary judgment implies there are no genuine issues of material fact. “The fact that both parties simultaneously are arguing that there is no genuine dispute of fact, however, does not establish that a trial is unnecessary thereby empowering the court to enter judgment as it sees fit.” Charles A. Wright, Arthur Miller & Mary Kay Kane, Federal Practice & Procedure § 2720, 327-28 (3d ed. 1998) (explaining in terms of the federal rules). In other, words, when two parties file cross-motions, there may still.be undisputed or unresolved.facts. The parties in those cases are only “contending for the purpose of his own motion that there is no material issue of fact in the case.” Wood v. Lathrop, 249 Ark. 376, 379, 459 S.W.2d 808, 809 (1970). Thus, even with the parties’ stipulation, the court must still determine whether the material facts needed to prove the allegation are indeed present and undisputed. The difficulty on appeal is much has changed: both parties concede that material facts have changed; the State’s application of Arkansas’ statutes has changed; and the State’s interpretation of Obergefell has changed. First, according to the affidavit, of the State Registrar of Vital Records, the Department' of Health will issue birth certificates listing both same-sex parents if the hospital submits documentation reflecting that fact. However, the parties disputed at oral argument how the department’s decision is actually being applied. There are no facts in the record to resolve this dispute. Moreover, the State has now conceded that children born of artificial insemination should have both parents deemed the natural parents,' whether same-sex or opposite sex, under Ark. Code Ann. § 9-10-201 (Repl. 2015) and asserts that it will place both same-sex parents on the birth certificate under the State’s new interpretation of this statute. This statute provides that “[a]ny child born to a married women by means of artificial insemination shall be deémed the legitimate natural child of the women and the women’s husband [read spouse] if the [spouse] consents in writing to the artificial insemination.” Ark. Code Ann. § 9-10-201 (a). It is likely, therefore, that a same-sex couple will now have both spouses’ names listed on | S1 the original birth certificate without a court order, so long as the child was conceived via artificial insemination, the same-sex marriage occurred prior to the insemination, and the non-biological parent consented to the insemination. Appellants and appellees both conceded at oral argument this would resolve the challenge by two of the three same-sex marriage couples. Thus, any legal challenge in this regard could be moot if the trial court finds that the facts are as presented at oral argument. The case thus shifts to whether section 20-18-406, which provides for the issuance of new birth certificates, is constitutional. This statute allows the registrar to issue a new certificate upon “any evidence, as required by regulation, proving that the person has been legitimated.” Ark. Code Ann. § 20-18-406(a)(2) (Repl. 2014). The department currently has a regulation that provides for legitimation upon “an affidavit of paternity signed by the natural parent of said child, together with a certificate copy of the parents’ marriage record.” Ark. Admin. Code § 007.12.1-5.2. The State claims that the affidavit of paternity requires the parent to swear to biological parentage. Thus, it maintains, the regulation survives an equal-protection challenge because it discriminates on biology rather than sexual orientation. However, because the circuit court did not have this affidavit before it, neither it nor this court can consider whether the State’s contention is sufficient to survive rational-basis review. In other words, the both parties failed to prove entitlement to summary judgment regarding this statute because this critical material fact is still in dispute. This court considers only the record before us and the arguments presented to the trial court. E.g., Dodge v. Lee, 352 Ark. 235, 236-37, 100 S.W.3d 707, 709 (2003) (noting the well-settled “rule that matters outside the record will not be considered on appeal”). [¡¡gClearly, this fluid situation has caused the facts to change from when the circuit court granted summary judgment until now. It is doubtful whether the material statements made by the registrar in her affidavit, though correct at the time, still exist today. Nor had the State conceded below, as it has done on appeal, that some of the plaintiffs were entitled to relief under another statute. We should apply the prudential-mootness doctrine, refrain from, addressing the constitutional challenges, and remand for the circuit court to consider the case in light of the now-disputed facts and the State’s concession. We will not be the only court to have done so on birth-certificate issues arising from Obergefell. See Marie v. Mosier, 196 F.Supp.3d 1202, 2016 WL 3951744 (D. Kansas Jul. 22, 2016). A remand to the circuit court would also give the legislature time in the upcoming session to amend the birth-certificate statutes to comply with Obergefell. In fact, the State argued that the legislature is the proper forum to address this issue. I also depart from the majority regarding its interpretation of Obergefell. There, the Court concluded that state-law bans on same-sex marriage violated the equal-protection clause of the Fourteenth Amendment. In addition to this, the Court concluded that same-sex marriage bans also violated the Due Process Clause. 135 S.Ct. at 2604. But focusing on equal protection, the Court held that “same-sex couples may exercise the fundamental right to marry.” Id. at 2604-05. And earlier in the opinion, the Court noted that “birth and death certificates” were “aspects of marital status.” Id. at 2601. Thus, in my view, states cannot constitutionally deny same-sex couples the benefits to marital status, which include equal access to birth certificates. To bring our state laws in compliance with Obergefell, the legislature may choose to either amend the statute to apply neutrally to same-sex marriages | ssor base the benefit on something other than marital status. For these reasons, I cannot join the majority opinion. Last, I have not participated in the majority’s decision to admonish the circuit court.