Phillip T. Whiteaker, Judge, concurring. I agree with the majority opinion that this case should be reversed and remanded. I write separately, however, because I would Ldo so for a different reason. As the majority notes, the parties in this case filed cross-motions for summary judgment. The majority also notes that, generally speaking, when parties file cross-motions for summary judgment, they “essentially agree that there are no material facts remaining, and summary judgment is an appropriate means of resolving the case.” Abraham v. Beck, 2015 Ark. 80, 456 S.W.3d 744. This court has stated, however, that the fact that both parties have moved for summary judgment does not establish that there is no issue of fact. Cranfill v. Union Planters Bank, N.A., 86 Ark. App. 1, 17, 158 S.W.3d 703, 713 (2004) (citing Wood v. Lathrop, 249 Ark. 376, 459 S.W.2d 808 (1970)). In this case, I believe there are questions of fact to be resolved. Specifically, I would hold that there are conflicting facts as to whether appellant Mike Kraft was a “manager” or an “employee” of Limestone. Kraft averred repeatedly that he was not an employee, but Limestone argued otherwise. Although Mike Coats testified in his deposition that he did not maintain “employee or personnel files” on himself or Kraft, Limestone argued in its briefs to the circuit court that “by the express terms of the operating agreement, both Mike Coats and Mike Kraft are deemed employees.”[1] (Emphasis added.) Even the circuit court noted Kraft’s argument that Limestone was trying to “mischaracterize” him as an employee. ImThis court has stated that if conflicting testimony appears in the affidavits and depositions that are filed, summary judgment may be inappropriate as the issues involved will depend on the credibility of the witnesses. Clark v. Progressive Ins. Co., 64 Ark. App. 313, 321, 984 S.W.2d 54, 59 (1998) (citing 10A Charles Allan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2726 at 440-47 (1998)). Because there was conflicting testimony about Kraft’s status as a manager or an employee in the affidavits and depositions, and because such status had some bearing on whether or how Limestone could terminate Kraft, I would reverse and remand for the circuit court to resolve that material question of fact. . This was based on the language in paragraph 6.11 that the guaranteed annual payments “shall be paid in accordance with the Company’s payroll practices for its other employees" and that members participating in management "shall also be provided with employee benefits made available by the Company to other employees.” (Emphasis added.)